## KANSAS CITY, M. & O. RY. CO. v. BRANDT.

No. 2178.    Opinion Filed November 14, 1911.

Rehearing Denied October 1, 1912.

(126 Pac. 787.)

APPEAL AND ERROR—Dismissal—Insufficient Case-Made. Where the certificate of the trial judge to a case-made fails to show that the case-made was signed and settled at the place designated in the notice to defendant in error as the place of signing and settling the same, and it is made to appear by the uncontroverted affidavit of defendant in error that he was present at the designated time and at the place designated in the notice during the entire day for the purpose of urging the incorporation into the case-made of amendments theretofore suggested by him within the time allowed by order of the court, and that the case-made was not presented at such place on the designated date, the case-made will be held a nullity, and the proceeding in error dismissed, where no errors are urged for reversal that can be reviewed upon transcript of the record, and those relied upon can be presented only by a case-made.

(Syllabus by the Court.)

*Error from District Court, Major County;*
*M. C. Garber, Judge.*

Action between the Kansas City, Mexico & Orient Railway Company and William Brandt. From the judgment, the railway company brings error. Dismissed.

*John A. Eaton* and *Dudley W. Eaton,* for plaintiff in error.

*A. Fairchild* and *E. C. Wilcox,* for defendant in error.

HAYES, J.   On the 30th day of July, 1910, plaintiff in error in this case served upon counsel for defendant in error its notice that on the 6th day of August, 1910, at the hour of 11 o'clock a. m., or as soon thereafter as counsel could be heard, the case-made in this cause, with amendments theretofore suggested by defendant in error, would be presented to the trial judge at his chambers at Enid for settlement. The certificate of the trial judge certifies that the case-made was signed and

settled in the city of Enid on the 6th day of August, 1910, but it does not disclose whether it was signed and settled at the chambers of the judge. The case-made fails to disclose whether defendant in error was present at the time and place of settling same, or whether, if any amendments were suggested, they were allowed or refused. While all matters relating to the service of the case-made and to the notice of time and place of settling and signing of same should be made to appear from the case-made, when it is not done, it may generally be done by evidence outside of the case-made. *Burnett et al. v. Davis,* 27 Okla. 124, 111 Pac. 191. One of the counsel for defendant in error has filed his affidavit herein, which has not been controverted, which states that on the 6th day of August, 1910, the date on which the case-made purports to have been signed and settled, he went to the chambers of the trial judge at the city of Enid and remained there throughout the entire day, and the trial judge did not appear on that date, and that the case-made was not presented for signing and settling at that place on that day, and that he endeavored to find counsel for plaintiff in error, in order to be present when the case-made was presented, but was unable to do so, and it is further made to appear that the trial judge had at that time resigned. In the absence of the case-made or the certificate of the judge thereto, showing that the same was signed at the place designated by the notice, it must be taken as established by the uncontroverted affidavit that it was not signed and settled at the appointed place. The time and place of settling a case-made fixed by the notice, unless waived, is jurisdictional, and the importance of such rule is disclosed by this case, because defendant in error did everything within his power to meet the requirements of the notice, and to protect his rights by being present to urge the incorporation into the case-made of amendments he had suggested and served upon the opposing counsel within the time fixed by the order of the court; but, notwithstanding such diligence, if this case-made is permitted to stand, he would be deprived of his rights.

The alleged errors relied upon for reversal of the cause are such as can be reviewed only upon a case-made, and they can-

not be presented by a transcript. It follows, therefore, that nothing is presented in this proceeding that can be reviewed, and this proceeding in error should be dismissed.

TURNER, C. J., and WILLIAMS, KANE and DUNN, JJ., concur.