## FLATHERS v. FLATHERS.

No. 2890.    Opinion Filed January 28, 1913.

(130 Pac. 134.)

**APPEAL AND ERROR—Dismissal—Insufficiency of Record.** A proceeding in error commenced in this court on a case-made, where it does not appear from the record or otherwise that the defendant in error was present, either personally or by counsel, at the settlement, or that notice of the time was served or waived, or what amendments suggested, if any, were allowed or disallowed, will be dismissed on motion of defendant in error. (Following *First Nat. Bank of Collinsville v. Daniels*, 26 Okla. 383, 108 Pac. 748.)

(Syllabus by the Court.)

*Error from District Court, Ellis County;*
*G. A. Brown, Judge.*

Action between Benjamin M. Flathers and Emily J. Flathers. From the judgment, Benjamin M. Flathers brings error. Dismissed.

*C. B. Leedy,* for plaintiff in error.

*W. H. Springfield,* for defendant in error.

WILLIAMS, J. The defendant in error has moved the dismissal of this proceeding in error, on the ground that the case-made was signed, as shown by the certificate of the trial judge, on July 14, 1911, when the notice served on said defendant in error, as the same appears in the record, stated that the same would be presented at the designated place for signing and settlement on July 15, 1911. Neither does the record disclose that any appearance on the part of the defendant in error was made, nor that any suggestions as to amendments were filed, for the purpose of having them incorporated in said record, and the record does not disclose that any amendments were allowed or disallowed.

In *Kansas City, M. & O. Ry. Co. v. Brandt*, 33 Okla. 661, 126 Pac. 787, the syllabus is as follows:

"Where the certificate of the trial judge to a case-made fails to show that the case-made was signed and settled at the place designated in the notice to defendant in error as the place of signing and settling the same, and it is made to appear by the uncontroverted affidavit of defendant in error that he was present at the designated time and at the place designated in the notice during the entire day, for the purpose of urging the incorporation into the case-made of amendments theretofore suggested by him within the time allowed by order of the court, and that the case-made was not presented at such place on the designated date, the case-made will be held a nullity and the proceeding in error dismissed.   *   *   *"

See, also, *Lister et al. v. Williams,* 28 Okla. 302, 114 Pac. 255; *Harrison et al. v. Penny,* 28 Okla. 523, 114 Pac. 734; *First Nat. Bank of Collinsville v. Daniels,* 26 Okla. 383, 103 Pac. 748.

All the Justices concur.