SPRINGFIELD FIRE & MARINE INS CO. v. BELT.

No. 6293.   Opinion Filed October 13, 1914.   Rehearing Denied December 15, 1914.

(144 Pac. 606.)

**APPEAL AND ERROR—Summons—Issuance and Service—Dismissal.**
Where summons in error is not issued and. served within the time allowed by statute, and no praecipe therefor has been filed, or where the purported summons is fatally defective, and the time has expired in which a valid summons may issue, the appeal will be dismissed for want of jurisdiction.

(Syllabus by the Court.)

*Error from District Court, McIntosh County;*

*Preslie B. Cole, Judge.*

Action between the Springfield Fire & Marine Insurance Company and W. L. Belt, doing business as the W. L. Belt Trading Company.   From the judgment, the Insurance Company brings error.   Dismissed.

*Thompson, Knight, Baker & Harris,* for plaintiff in error.

*J. W. Porter,* for defendant in error.

RIDDLE, J.   Motion has been filed to dismiss this proceeding, for the reason that no summons in error has been issued and served upon defendant in error within the time required by statute. There was issued by the clerk of this court what purports to be a

summons in error, but it in no wise complies with the provisions of the statute. It is directed to the sheriff of McIntosh county, commanding that he notify the Springfield Fire & Marine Insurance Company, defendant in error, to be served on John W. Porter, of Eufaula, Okla., notifying said company that W. L. Belt, doing business under the firm name of W. L. Belt Trading Company, that plaintiff in error did, on the 6th day of April, 1914, file in the office of the clerk of the Supreme Court its petition in error, etc.; and, further reciting, the purpose of which was to reverse a certain judgment rendered in the district court of McIntosh county, wherein plaintiff in error was plaintiff and said defendant in error was defendant. The paper purports to be a summons in error, but does not state the case to be filed in the Supreme Court; neither does it describe the case as it was in the trial court.

Section 5238, Rev. Laws 1910, provides:

"The proceedings to obtain such reversal, vacation or modification, shall be by petition in error, filed in the Supreme Court, setting forth the errors complained of; and thereupon a summons shall issue and be served, or publication made, as in the commencement of an action. A service on the attorney of record, in the original case, shall be sufficient. The summons shall notify the adverse party that a petition in error has been filed in a certain case, naming it, and shall be made returnable on or before the first day of the term of the court, if issued in vacation, ten days before the commencement of the term. If issued in term time, or within ten days of the first day of the term, it shall be returnable on a day therein named. If the last publication or service of the summons shall be made ten days before the end of the term, the case shall stand for hearing at that term."

The purported summons in error issued in this case is fatally defective, and is insufficient to confer jurisdiction upon this court to hear and determine the case on its merits. Section 5239, Rev. Laws 1910, provides that the summons mentioned in the section quoted above shall, upon the written præcipe of the plaintiff in error or his attorney, be issued by the clerk of the court in which the petition is filed, to the sheriff of any county, etc. The record before

us fails to show that any præcipe was filed for the summons. The time allowed by statute for instituting proceedings in this court to review the judgment sought to be reversed has long since expired.

For failure to substantially comply with the statute, the motion to dismiss this proceeding must be sustained.

All the Justices concur.