## ADAMS v. HIGGINS *et al.*

No. 6269.   Opinion Filed March 9, 1915.

Rehearing Denied April 27, 1915.

(147 Pac. 1011.)

1.   **APPEAL AND ERROR—Necessary Parties—Dismissal.** Where a joint judgment is rendered dismissing as to several defendants, an appeal to the Supreme Court in which some of the defendants in whose favor such joint judgment was rendered are not joined or served, with summons in error and whose interest would be affected by reversal of the case, will be dismissed.

2.   **ABATEMENT AND REVIVAL—Order of Revivor—Time.** An order to revive an action against the representatives or successors of a deceased defendant shall not be made without the consent of such representatives or successors, unless made within one year from the time it could have first been made, or unless done under some exceptional circumstances or special statute.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by John C. Adams against Robert W. Higgins and others.   A demurrer to the petition was sustained, and plaintiff brings error.   Appeal dismissed.

*John Madden, L. B. Kellogg, J. Harvey Frith, Harry R. Winn, Dennis C. Payne,* and *William Thompson,* for plaintiff in error.

*Keaton, Wells & Johnston, Everest, Smith & Campbell, J. S. Jenkins,* and *Jas. L. Brown,* for defendants in error.

BROWN, J.   This is an action wherein the plaintiff in error, plaintiff below, sets up an equitable estate and claim of ownership in the southwest quarter of section 33, township 12 north, range 3 west, containing 160 acres of land, upon which a portion of the city of Oklahoma

City is now situated. The defendants comprise Robert W. Higgins, to whom United States patent was issued to said land October 15, 1896, his subsequent grantees and their mortgagees, and others who are alleged to have some claim of title to some portion of said land.

After setting out his claim of ownership to said land and alleging that the patent to Higgins was obtained by fraud and perjury, and other grounds of right not necessary here to state, plaintiff prays judgment of the court as follows:

"Wherefore plaintiff prays that he be adjudged and decreed to be the equitable owner of said real estate, and that he be restored to and recover possession of said land from each and all of the defendants. * * * "

The defendants in this case are so numerous that they will not be named except when necessary for the purposes of this opinion.

To the petition of the plaintiff a large number of the defendants filed demurrers, which were sustained, and a joint judgment was rendered by the court dismissing plaintiff's case as to the demurring defendants, the plaintiff electing to stand upon his pleadings, from which judgment said plaintiff brings error to this court.

Certain of the defendants have filed motion to dismiss the appeal of the plaintiff on the ground of alleged failure to make certain parties in the case below parties to the appeal, and failure to serve or obtain waivers of service of summons in error, insisting that said parties are necessary parties to this appeal, that they were jointly sued, and a joint judgment rendered dismissing said action as to them.

(1) It is claimed that Zulu M. Davidson was a party defendant to the case below and pleaded therein, and has

neither been served nor has appeared in this court. An examination of the record discloses that she was a party below as alleged, but on page 84 of the record we find the following:

" * * * And we hereby waive the issuance and service of summons from the Supreme Court of the state of Oklahoma in said cause. Walters & Hilpert, Attys. for *Zula* M. Davidson."

This, we think, properly brings this defendant into the Supreme Court, and the slight misspelling of the name, especially in view of there being no other defendant in the case by a similar name, is immaterial.

(2) B. W. John is claimed by defendants in error to have been a party to the proceeding below, and he has not been served with summons or waived the same in this court. Plaintiff in error seeks to excuse the failure to serve him in this court, which he admits, by asserting that he was mortgagee to one A. F. Binns. We think this admission is conclusive proof of his being a necessary party to the appeal, for, as mortgagee of the property, or a portion thereof, he certainly would be a party whose interest would be affected by reversal of judgment.

(3) As to defendant S. P. Sohlberg, the same facts exist as to defendant B. W. John, above named.

(4) It is admitted by plaintiff in error that Brook Jones was a party below, and failure to bring him properly into the appeal to this court is attempted to be excused by the assertion that he has "assigned his interest to one C. L. Everest," who is a defendant in error, and has waived service in the Supreme Court. We find no proof of this state of affairs in the record, and, if it were so, we do not think an assignment of one's interest in land in controversy terminates the suit as to such party; at least, not so automatically. We think Jones was a proper party, and should have been brought into the Supreme Court.

Adams v. Higgins et al.

(5) It is claimed that John Burrows, a defendant below, died before the proceedings in error were commenced; that his personal representative or heirs have not been brought into this court by proper proceedings in revivor, and that no summons in error has been served on them, and that the time has expired in which such proceedings can be had. It appears that Burrows died in January 17, 1914; that petition in error was filed in the Supreme Court in April, 1914. Section 5293, Rev. Laws 1910, reads as follows:

"An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successors, unless in one year from the time it could have been first made, except as otherwise provided by law."

More than a year has elapsed, and no order has been made, and no exceptional or excusable circumstances alleged. While there is an application for order or revivor pending, we do not think delaying to act, and making application long after the same first could have been done, will operate to extend the time allowed by law. As there is no consent of the representatives or successors as above required or the lack thereof explained, or brought within some statutory exception, we think an order of revivor cannot now be made.

(6) L. A. Lockwood, (7) A. D. Lee, (8) Rosa Kelsey, (9) E. E. Houghton, and (10) Angelina Bullis are defendants who, it is alleged, have died, and whose heirs or personal representatives have not been served and brought into the case on appeal, but, as this appeal will have to be dismissed on account of failure to make other necessary parties to the case parties to the appeal, we shall not attempt to discuss and determine the questions as to these defendants.

(11) J. K. Boughton, (12) E. Croak, (13) J. J. Hartet, and (14) Geo. G. Sohlberg are defendants below,

and were served by publication, as appears from the uncontroverted affidavit of defendants in error, they were at all times residents of Oklahoma, most of them being in active business in Oklahoma City, and appearing in the city directory under proper name and address.

(15) Solon A. Bible, who defaulted as party defendant, was served by publication based upon return "not found" of summons in error by the sheriff.

(16) W. L. Payne was made a party defendant in the district court, and he was served with summons in error. That he disclaims and had no interest in the suit, appears from his affidavit, in which he states that he at one time held a mortgage on a portion of the land in question, but that same was paid in full prior to the beginning of this action in the lower court.

(17) James R. Mitchell, it appears, was served by publication under the name of "James Mitchell," and we agree with counsel for plaintiff in error that this defect is "immaterial," and we think service on James Mitchell is sufficient.

(18) Anna M. Frizzell was made a party defendant in the lower court by mistake, it is alleged by plaintiff in error; and that she has and had no interest in the subject-matter of the suit; but it appears from her affidavit that she was served by a copy of summons in error left with her, and that through mistake the sheriff's return shows service on *Emma* M. Frizzell.

(19) It is objected that Masa J. Foulk, a defendant below, is not served with summons in this court. However, an examination of the record discloses service of copy of summons in error on J. L. Brown, her attorney in which appears the name of Masa J. Foulk.

Similar objection is made to service upon Cecil Proctor in this court, but we think the record conclusively

shows service of summons in error on his attorney, J. L. Brown.

We think it appears beyond question from an examination of the motions and the answers thereto, together with the record and files of this case, that a number of the defendants for whom joint judgment was rendered below, and who were jointly sued, as shown by the prayer of the plaintiff above quoted in part and the judgment entered, are not brought into this court, either by failure to make them parties, or by failure to obtain service or waiver of summons in error.

This being a suit against these defendants as grantees or parties holding under such grantees of the original patentee, Robert W. Higgins, to the land in question, each and every defendant so holding or claiming title is a party whose interest would be affected by reversal of the judgment, and therefore are necessary parties to this appeal.

There are other questions involved in the motion which we have not considered, for the reason that the appeal must be dismissed for the reasons above shown.

The appeal is, therefore, dismissed.

All the Justices concur.