### GROUNDS et al. v. DINGMAN et al.

No. 6116—Opinion Filed July 6, 1915.

Rehearing Denied March 21, 1916.

Order Granting Rehearing Set Aside September 26, 1916.

(160 Pac. 883.)

**1. Appeal and Error—Parties—Dismissal.**

All persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgmnt, and a failure to join any of them, either as plaintiffs or defendants, is ground for the dismissal of the case.

**2. Appeal and Error—Record—Case-Made—Service.**

If a joint judgment is sought to be reviewed on error, with case-made attached, the case-made must be served on all the parties against whom judgment is rendered.

**3. Same—Case-Made—Settlement.**

Where no notice of the time of settlement of a case-made is given to, or waived by, all necessary parties to an appeal, and there is no appearance by all such necessary parties, either in person or by counsel, a case-made so settled is a nullity, and no jurisdiction is

vested in this court to decide any question arising thereon.

### 4. Appeal and Error—Proceedings to Transfer Cause—Summons in Error—Service.

Where summons in error is not issued and served within the time allowed by statute therefor upon all necessary parties, and no praecipe therefor has been filed, and the time has expired in which a valid summons may issue, the appeal will be dismissed for want of jurisdiction.

(Syllabus by Watts, C.)

Error from District Court, Creek County; Wade S. Stanfield, Judge.

Action by Jennetta Grounds and another against Ross B. Dingman and others. From a judgment for defendants, plaintiffs bring error. Petition in error dismissed.

See, also, 33 Okla. 760, 127 Pac. 1078.

J. A. Baker and T. S. Cobb, for plaintiffs in error.

W. F. Evans, R. A. Kleinschmidt, and E. H. Foster, for defendant in error St. Louis & S. F. R. Co.

Hughes & Miller, for other defendants in error

Opinion by WATTS, C. This case comes from the district court of Creek county, where Jennetta Grounds, Louanna Porter, by her guardian, and Andrew M. Grounds, administrator of the estate of Charles Stidham, deceased, were plaintiffs, and Ross B. Dingman, Fred Wilkering, Norman E. Chapman, Lafe Speer, Emory Jennings, Joe J. Jones, James K. Kepley, Charles W. Mandler, and the St. Louis & S. F. R. Co. were defendants.

The petition contains two causes of action: One in the nature of ejectment, the other an action to clear title. In addition to possession of the land damages were claimed in the first cause of action in the sum of $15,-000; in the second cause of action, possession of the land, etc., and damages in the sum of $12,000 are claimed.

This case was tried to the court and jury beginning October 14, 1913, and on October 19, 1913, verdict was returned for defendants. October 20, 1913, judgment was entered upon the verdict. In due course, plaintiffs filed a motion for new trial, which was heard and denied November 12, 1913. Jennetta Grounds and Louanna Porter, by her guardian, appealed. Ninety days were given to make and serve a case-made, ten days to suggest amendments, and five days to settle and sign. Service of case-made was accepted Jan. 29, 1914, by attorneys for Dingman, Jones, and the railroad company, also waivers of

summons in error were signed by the same attorneys. The trial judge signed the case-made February 26, 1914. Petition in error and case-made were filed in this court March 6, 1914. This is the second time this case has found its way into this court. 33 Okla. 760, 127 Pac. 1078.

Appellate, as well as nisi prius courts, should look to their jurisdiction, and in this connection we find that, notwithstanding the joint judgment against all the plaintiffs, Andrew M. Grounds, administrator of the estate of Charles Stidham, deceased, was not made plaintiff in error, or defendant in error, and under the well-established rule of this court the attempted appeal is a nullity.

"All persons against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and a failure to join any of them, either as plaintiffs or defendants, is ground for the dismissal of the case." Vaught v. Miners' Bank of Joplin, 27 Okla. 100, 111 Pac. 214; Trugeon v. Gallamore, 28 Okla. 73, 117 Pac. 797; National Surety Co. v. Oklahoma Presbyterian College for Girls, 38 Okla. 429, 132 Pac. 652; Michael v. Isom et al., 43 Okla. 708, 143 Pac. 1053.

We cannot entertain the appeal for other reasons. The record further discloses defendants Wilkering, Chapman, Speer, Jennings, Kepley, and Mandler were not served with the case-made.

"If a joint judgment is sought to be reviewed on petition in error, with case-made attached, the case made must be served on all the parties against whom judgment is rendered." Cook v. State, 35 Okla. 653, 130 Pac. 300; Carr v. Thompson, 27 Okla. 7, 110 Pac. 667; Cowan v. Maxwell, 27 Okla. 87, 111 Pac. 388; Lathim v. Schlack, 27 Okla. 522, 112 Pac. 968.

Nor were the parties mentioned served with notice of signing and settling the case-made.

"Where no notice of the time of settlement of a case-made is given or waived, and there is no appearance of the opposite party either in person or by counsel, a case so settled is a nullity, and no jurisdiction is vested in this court to decide any question arising thereon." Harrison v. Penny, 28 Okla. 523, 114 Pac. 734; Flathers v. Flathers, 35 Okla. 342, 130 Pac. 134; First Nat'l Bank of Collinsville v. Daniels, 26 Okla. 383, 108 Pac. 748.

Neither has summons in error been waived or served.

"Where summons in error is not issued and served within the time allowed by statute, and no praecipe therefor has been filed, * * * and the time has expired in which a valid summons may issue, the appeal will be dismissed for want of jurisdiction." Springfield Fire & Marine Ins. Co. v. Belt, 45 Okla. 49, 144 Pac. 606.

The defects are jurisdictional, and petition in error is therefore dismissed.

By the Court: It is so ordered.