# STATE v. W. H. COYLE, *et al.*

## No. A-2152.   Opinion Filed July 7, 1915.

1.  **APPEAL—Service of Case-made—Extension of Time—Record.** A purported order of a trial judge extending the time in which to make and serve a case-made, is without force, where the case-made fails to show affirmatively that such order was made, and where it does not appear that such order was ever filed in the case in the lower court or entered of record in the journal of the court, as required by section 5317. Rev. Laws 1910.

2.  **SAME Limitations of Time.** An order granting an extension of time to make and serve a case-made beyond six months from the date of the judgment, limited for the prosecution of proceedings in error, is a nullity.

3.  **SAME—Time for Amendments.** It was error for the trial judge to settle the case-made without allowing the defendant in error the statutory three days from the expiration of the period limited, from the service of the case-made, to suggest amendments, though such allowance would have extended settlement beyond the time limited for filing the case in the appellate court.

4.  **SAME—Settlement of Case-made—Presence of Defendant.** A proceeding in error, brought to this court on a case-made, wherein it does not appear from the record or otherwise that the defendant was present, either personally or by counsel, at the settlement, or that he suggested amendments thereto, or had the opportunity to do so, or that notice of the time thereof was served or waived, will be dismissed on motion of defendant in error.

5.  **SAME—Notice to Defendant.** Where it appears from the record that the court in a proceeding had under the provisions of the statute, (section 5246, Rev. Laws 1910), made an order fixing the time but failed to designate the place for settling and signing the case-made, the certificate of the trial judge must show a compliance with such order by showing that it was settled and signed at the time when the defendant was directed to be present.

6.  **SAME—Settlement Out of Time—Nullity.** An original case-made settled and signed after the time limited by the statute for filing it in this court, is a nullity, and could not be legally filed here as this court would have no jurisdiction to review it.

(Syllabus by the Court.)

*Appeal from District Court, Logan County;*
*A. H. Huston, Judge.*

Indictment for conspiracy in restraint of trade.   The jury rendered their verdict finding the defendant W. H. Coyle not

guilty, and the state appeals on questions reserved. Appeal dismissed.

*Chas. West,* Atty. Gen., for the State.

*C. G. Horner, Dale & Bierer,* and *Ames, Chambers, Lowe & Richardson,* for the defendant in error.

DOYLE, P. J. W. H. Coyle, jointly indicted with several other persons for an alleged conspiracy in restraint of trade, was separately tried and acquitted. The jury rendered their verdict on June 21, 1913. The state appeals on questions reserved, and filed in this court on December 22, 1913, a petition in error with case-made.

This is the second appeal by the state in this case.

See *State v. Coyle, et al.,* 7 Okla. Cr. 50, on re-hearing, 8 Okla. Cr. 686.

The following motion to dismiss has been filed:

"The defendant in error, W. H. Coyle, appearing specially for the purpose of this motion and not otherwise, moves the court to dismiss the appeal herein upon jurisdictional grounds as follows: 1. Because under the law no appeal lies in this case for the reason that the defendant in error on the trial below was acquitted by the verdict of the jury. 2. Because even if any appeal would lie under the statute, the appeal herein was not taken within the time allowed by law. 3. Because in the proceedings in connection with the attempted perfecting of the appeal, substantial rights of the defendant were disregarded. 4. Because the record was not filed in the Criminal Court of Appeals within six months."

It appears from the record that on June 21, 1913, the day the verdict was rendered, the trial court made an order allowing the state 60 days from said date to make and serve a case-made upon the defendant and allowing the defendant ten days thereafter in which to suggest amendments thereto, and providing that the said case-made should be settled and signed upon five days notice by either party. On August 14, 1913, the said district court made an order extending the time in which to make and serve a case-made on the defendant 60 days in addition to the time already given, and giving the defendant ten days in

addition to the time heretofore given to suggest amendments thereto, and requiring said case-made to be settled and signed upon five days notice by either party. Under this order the last day upon which said case-made could have been served was October 19, 1913, the same being the sixtieth day from August 20, 1913, and under the orders as made the defendant had twenty days from said October 19th in which to suggest amendments. On October 22, 1913, there was filed an order purporting to have been made on the 18th day of October, upon the application of the state by Arthur R. Swank, assistant county attorney of Logan county, for an extension of time in which to make and serve a case-made, wherein the state is given 30 days in addition to the time heretofore granted to make and serve a case-made upon the defendant, and the defendant is given ten days in addition to the time heretofore granted to suggest amendments thereto, the said case-made to be settled and signed upon five days notice to either party, and thereafter on November 20, 1913, two days after the expiration of the time heretofore given in which to make and serve a case-made, the court so far as this record shows, without any application in writing therefor, and without any notice to the defendant or his attorney, made an order giving the state 30 days in addition to the time heretofore granted in which to make and serve a case-made and giving the defendant ten days in addition to the time heretofore granted to suggest amendments thereto and requiring that said case be settled and signed on five days notice to either party.

Thereafter on the 17th day of December said district court made the following order:

"It is ordered, adjudged and decreed that the order heretofore made on November 20, 1913, in this cause be and the same is hereby modified in this, the defendant given until December 19, 1913, to suggest amendments, case to be settled and signed at 9 o'clock a. m., December 22, 1913, without notice."

The first ground of the motion to dismiss the appeal is without merit. Our procedure criminal provides that:

"Appeals to the Criminal Court of Appeals may be taken by the state in the following cases and no other: First. Upon judgment for the defendant on quashing or setting aside an indict-

ment or information.   Second.  Upon an order of the court arresting the judgment.   Third.  Upon a question reserved by the state."   (Section 5990, Rev. Laws 1910).

In *State v. Frisbee*, 8 Okla. Cr. 406, 127 Pac. 1091, it is held:

"The state has the right to prosecute an appeal to this court upon any question of law reserved by the state during the trial of a criminal case.  The fact that the defendant may have been acquitted and could not again be tried for the same offense will not in any way interfere with the right of the state to appeal and have the question so reserved settled."

See, also, *State v. Rule, ante,* 144 Pac. 807; *State v. Pollock,* 5 Okla. Cr. 26, 113 Pac. 207.

It is next contended:

"That the order purporting to have been made on the 18th day of October which said order was not filed or entered until October 22nd, did not become effective until it was filed or entered of record, which said time October 22nd was three days after the expiration of the time theretofore granted in which to make and serve a case-made and that this order was therefore nugatory and the case-made not having been served on or before October 19, 1913, the same fails and should therefore be stricken from the files.  Assuming, however, that the order filed on October 22nd, extending the time 30 days was not nugatory, but was valid, then the time within which the case-made could be made and signed expired on November 18, 1913, and the case-made was not served on or before that date, nor was there any order extending the time for serving the case-made until two days later, to wit, November 20th, at which time an order was entered allowing the state 30 days in addition to the time already given to make and serve a case-made; that this order was made without any notice to the defendant or his attorneys.  That the court was therefore without jurisdiction to make the order."

The statute relating to extension of time in which to make and serve a case-made (section 5246, Rev. Laws 1910) provides that.

"The court in which any case has been tried and finally determined may, from time to time make orders extending the time for the making and serving of a case, or the filing of the proceedings in error, for good cause shown, but not beyond the period in which the proceedings in error may be filed in the ap-

pellate court; and in case of accident or misfortune which could not reasonably have been avoided by the party appealing, the said court or judge, upon notice to the adverse party, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court."

In the brief for the state the Attorney General states that:

"If the order of November 20, 1913, was made after the time previously allowed to make and serve the case had expired, and without notice to the adverse party, we submit that the error was cured by the order of the court made on December 17, 1913, before the time for taking the appeal had expired, and made upon notice to the adverse party and hearing had in open court, which said order modified the previous order and fixed the time for suggesting amendments to the case and filing of same in this court. Under section 5246, *supra,* the trial court then had jurisdiction to make such orders and the proceedings fully complied with such statute."

Assuming that said district court had under section 5246, *supra,* jurisdiction to make the last order, the case-made nowhere shows that the court's order, dated December 17th, was ever filed or entered of record in said district court. The aforesaid order therefore, even if it was otherwise regular, had no validity.

See *Nelson v. Pittsburg Mortgage Investment Co.,* 43 Okla. 208.

It will be observed that the said district court gave the defendant until December 19, 1913, to suggest amendments; that is, the court gave the defendant only two days within which to suggest amendments. Defendants in error are allowed by the statute three days (if no further time is granted by the court) after the case-made has been served within which to suggest amendments to it. (Section 5242, Rev. Laws 1910.) Irrespective of the order of the court previously made allowing ten days within which to suggest amendments and irrespective of the question whether the trial court could cut down the time after it had once been given, we think that the trial court was without power

to limit the time to suggest amendments to less than the statutory time of three days.

In the case of *Reed et al. v. Wolcott, ante,* 139 Pac. 318, it was held by the Supreme Court that:

"It was error for the trial judge to settle a case-made without allowing defendants in error the statutory three days from the expiration of the period limited from the service of the case-made to suggest amendments, though such allowance would have extended settlement beyond the time limited for filing the case in the appellate court."

In our opinion the defendant in error was entitled to the statutory time. It follows that the purported order of December 17th was a nullity.

We are also of opinion that said purported order of December 17th violated the statute in providing that said case-made could be settled and signed without notice.

In the case of *Foral v. Bogle,* 146 Pac. 706, it is said:

"The proceeding in error in this case is prosecuted by petition in error and case-made. May 23, 1912, counsel for defendant in error filed a motion to dismiss the same for the reason, among others, that the case-made fails to show that any notice was either served or waived of the time and place of settling the case-made, and that it did not show that the defendant was present at the time same was settled, or that he suggested amendments thereto, or had the opportunity to do so. An inspection of the record shows that it supports the claims made, and under the law there is no alternative but to sustain the motion.

"Under this condition of the record, the case-made must be treated as a nullity, and the cause dismissed. *First Nat. Bank of Collinsville v. Daniels,* 26 Okla. 383, 108 Pac. 748; *School Dist. No. 18 Creek County, v. Griffith et al.,* 33 Okla. 625, 127 Pac. 258; *Flathers v. Flathers,* 35 Okla. 342, 130 Pac. 134; *Phillips v. Koogler,* 35 Okla. 438, 130 Pac. 137; *Jones v. Jones,* 35 Okla. 453, 130 Pac. 139; *Pain et al. v. Wylie et al.,* 35 Okla. 467, 131 Pac. 172; *Moore v. Howard Merc. Co.,* 40 Okla. 491, 139 Pac. 524."

Said order provided that: "Case to be settled and signed at 9 o'clock a. m., December 22, 1913, without notice." No place for the settling and signing was provided in the order. It appears from the certificate of the trial judge to have been done

in chambers at Guthrie, Oklahoma, on the 22nd day of December, 1913, but it does not show the hour. In other words, no notice was required or no notice given of the time and place of the settlement, but the purported order of December 17th provided that it should be done at 9 o'clock, and inasmuch as no notice was provided before the settling and signing could be valid, if it could be valid at all without notice, the certificate must show a compliance with the purported previous order by showing that it was settled and signed at 9 o'clock a. m., that being the time designated in the order. The certificate does not show the appearance of the attorney for the defendant. There was no waiver. The certificate shows that no amendments were suggested, that the alleged case-made was submitted to the court only by the state, and it does not show that it was signed at the time when the defendant was directed to be present. Under this condition of the record the third ground of the motion to dismiss is well taken.

The judgment was rendered on June 21, 1913, the six months time limit for proceedings in error to be commenced in this court expired on December 21, 1913. It will be observed that the order of the trial court provides that the case-made should be settled and signed at 9 o'clock a. m., December 22, 1913, one day beyond the six months allowed by the statute for filing the petition in error and case-made in this court.

In *Reed v. Wolcott, supra,* it was held by the Supreme Court of Oklahoma:

"An order granting an extension of time to make and serve a case-made beyond six months from the date of the judgment, limited for the prosecution of writs of appeal, is a nullity."

And see *First Nat. Bank v. Valley State Bank,* 59 Pac. 335.

We are of the opinion that an original case-made settled and signed after the time limited by the statute for filing it in this court, is a nullity and could not be legally filed here, as this court would have no jurisdiction to review it. It follows that for the reasons stated the motion to dismiss must be sustained.

FURMAN and ARMSTRONG, JJ., concur.