### KOMALTY v. CASSIDY-SOUTHWEST COMMISSION CO. et al.

No. 7046—Opinion Filed June 27, 1916.

On Motion for Rehearing, Jan. 2, 1917.

(161 Pac. 1061.)

**1. Appeal and Error—"Necessary Parties."**

One whose rights may be affected by a reversal or modification of a judgment appealed from is a "necessary party" in the appellate court.

**2. Appeal and Error—Parties—Necessary Parties.**

If a party in the trial court can, by a reversal or modification of the judgment appealed from, be, in any way, affected, he is a necessary party to the appeal; and, in case such person is made a party in the appellate court, the appeal should be dismissed.

(Syllabus by Clark, C.)

Error from District Court. Caddo County; Frank Matthews, Assigned Judge.

Action by Harry Komalty against the Cassidy-Southwest Commission Company and others. There was a judgment for defendants, and plaintiff brings error. Writ dismissed.

A. J. Morris, for plaintiff in error.

C. H. Carswell, Blake & Boys, A. P. Johnson, and F. A. Lane, for defendants in error.

Opinion by CLARK, C. This is an action in ejectment, brought by Harry Komalty against several hundred defendants, to recover an undivided one-third interest in and to the southwest quarter of section 6, township 7, range 13 west, in Caddo county (being the land upon which the town of Carnegie is now situate).

The plaintiff claims that he and two other Indians, named Adle-gam-ah and Duke-Poor-Buffalo, were the true and only heirs at law of one Pau-tautle-ty, a deceased Kiowa Indian, to whom an allotment of the land was made, and on August 25, 1901, a patent issued. Further allegations of the petition are that on March 2, 1903, Pau-tautle-ty died, and Adle-gam-ah and Duke Poor-Buffalo, claiming to be the only heirs at law of the deceased, executed a deed by which they attempted to convey the land to the defendant Elmer E. Grinstead, who, with the other defendants, are in the open and exclusive possession under claim of title to the entire quarter section, by virtue of said deed; and plaintiff prays judgment against all of the defendants for the recovery of his undivided one-third interest therein, and that his title thereto be quieted. The defendant Elmer E. Grinstead answered by general denial, and disclaimed any interest in the real estate. Each of the other answering defendants alleges that Grinstead, after entering into possession on March 2, 1903, caused the same to be surveyed and platted into streets, alleys, parks, blocks, and parcels of land, and sold and conveyed separate lots to respective purchasers, who entered into possession, and that at the time of bringing this action there were a large number of, persons severally claiming separate and specified lots, blocks, or parcels of said land, and· all of which were in the open and exclusive possession, under claim of title, of the several record owners thereof, and that he was the sole and exclusive owner of only a specified portion of said quarter section, designated in accordance with the plat of said town, and that he does not claim to be the owner or purchaser of any other part or portion of said land, and that he claims said real estate under and by virtue of said allotment, patent, deed to Grinstead, plat, and by deed from Grinstead under mesne conveyances. To these several answers the plaintiff filed a general denial. Upon the return of a general verdict in favor of the defendants, judgment was duly entered—

"adjudging and decreeing that the plaintiff has no estate, right, title, claim, or interest in or to the southwest quarter of section 6,

township 7, range 13 west, in Caddo county, or any part or parcel thereof, and that the title of the defendants in and to said lands and premises, and each and every part and parcel thereof, be and is hereby quieted against the said plaintiff and all and every person or persons claiming by, through, or under him, and the defendants have and recover against said plaintiff herein their costs laid out and expended."

A number of the defendants in error have moved a dismissal of the appeal herein, assigning various reasons therefor, such as the failure to make certain defendants below parties to. this appeal; to serve case made upon them, or to give notice of settlement thereof; to serve or obtain waiver of service of summons in error upon other defendants and to have the action revived in the name and against the heirs of certain defendants below, who died after the rendition of the judgment complained of, and more than one year prior to the date of filing of such motion, such heirs not having been made parties to these proceedings in error. The facts upon which these motions are founded are not seriously contested by plaintiff in error, but he resists a dismissal upon the ground that, as each defendant made claim to certain specific subdivisions of the land, and asserted no right to or interest in any portion thereof which was claimed by any other defendant, a reversal of the judgment would be binding upon the defendants in error, even though invalid as to other defendants not parties to these proceedings in error. This presents the only question necessary to be considered in passing upon these motions. We do not understand this to be a proper test by which to determine the necessity of making such persons parties to an appeal.

The case of Adams v. Higgins, 47 Okla. 323, 147 Pac. 1011, was quite similar in some respects to the one at bar. The plaintiff set up an equitable estate and claim of ownership to a quarter section of land upon which a portion of the city of Oklahoma City is now situated. The defendants were the patentee from the government and numerous other persons who were grantees of the patentee, and their mortgagees, and others who were alleged to have some claim of title to some portion of the land. The prayer was that the plaintiff "be adjudged and decreed to be the equitable owner of said real estate, and that he be restored to and recover the possession of said land from each and all of the defendants." The trial court sustained demurrers filed by a large number of the defendants. The plaintiff elected to stand upon his pleadings, and judgment was rendered, dismissing

his case as to those demurring defendants. Here, upon issue joined by the pleadings a trial was had, a verdict returned, and a judgment was rendered thereon. In the Adams Case, supra, as in the one at bar, all the defendants claimed title through mesne conveyances under the patentee. The Adams petition did not state a cause of action against the defendants, and the allegations of the Komalty petition were not sustained by the proof. In each case judgment was rendered, denying the plaintiff the relief he sought. In the Adams Case the court held that as the suit was against defendants as grantees, or parties holding under such grantees, and of the original patentee, each defendant would be affected by a reversal of the judgment, and was a necessary party to the appeal. Here a joint judgment was rendered in favor of all the defendants below. A reversal of that judgment would vacate the decree which quieted the title of the defendants below to the entire quarter section of land as against the plaintiff. Under the repeated decisions of this court all of the defendants below are necessary parties here. Adams v. Higgins, supra; Chickasha Light, Heat & Power Co. v. Bezdicheck, 33 Okla. 688. 126 Pac. 821: Grounds et al. v. Dingman et al., 60 Okla. 247, 160 Pac. 883; Keet & Roundtree D G. Co. v. Rogers, 57 Okla. 58. 156 Pac. 179.

The several motions to dismiss the appeal are sustained.

### On Motion for Rehearing.

ROBBERTS, C. The plaintiff below alleges, in substance: That the tract of land involved, to wit, the southeast quarter of section 6, township 7, range 13 W. I. M., was patented or deeded to an Indian, Pau-tautle-ty, on August 25, 1901. He died and left a widow, Adle-gam-ah, and a daughter, Adle-to-hoo-lah, who was the mother of the plaintiff. She afterwards died and left the plaintiff, Harry Komalty, her only heir. Pau tautle-ty also had a son, Duke-Poor-Buffalo. That the widow of Pau-tautle-ty, viz. Adle-gam-ah, the son, Duke Poor-Buffalo, and this plaintiff, are the only heirs of Pau-tautle-ty. On the 2d day of March, 1903. Adle-gam-ah and Duke-Poor-Buffalo deeded the entire tract to one Elmer Grinstead. and Grinstead, after the tract had been surveyed, platted, and divided into lots. blocks, and alleys, directly and indirectly, deeded to the several numerous defendants herein. Thereafter the plaintiff deeded his interest in the premises to plaintiff in error, Boone D. Hite, and he is now the owner of whatever interest the plaintiff, Harry Komalty, may have had in the premises.

To the plaintiff's petition, the defendants for answer (1) made general denial; and (2) specially denied that Harry Komalty is the grandson or heir of Pau-tautle-ty. Trial was had, and at the conclusion the court directed the jury to return a verdict for the defendants. Plaintiff appeals. Some of the defendants below were made parties to the appeal, but a large majority were not. No notice or service of any kind was served on those parties who were not made parties to the appeal. The court dismissed the appeal on that ground.

We are clearly of the opinion that all parties interested were not made parties of the appeal, and that the appeal was properly dismissed. For that reason, the motion for rehearing should be denied.

We may add here, however, that we have examined the evidence in reference to the issue, as to whether Harry Komalty was the grandson and heir of Pau-tautle-ty, and agree with the trial court that the evidence failed entirely to sustain that fact, and the court did not err in directing a verdict. A rehearing should be denied.

By the Court: It is so ordered.