## BEST PRODUCING & REFINING CO. v. FAGAN et al.

No. 13643—Opinion Filed Dec. 19, 1922.

Rehearing Denied July 24, 1923.

### Appeal and Error—Service of Case-Made—Necessity.

Where a reversal is sought upon a case-made, such case-made or a copy thereof must be served upon each adverse party or his attorney. Failure to serve such case-made upon one of such parties, who might be prejudicially affected by a modification or reversal of the judgment, defeats the jurisdiction of this court, and requires a dismissal of the appeal.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by W. A. Fagan and Claude C. Best against the Best Producing & Refining Company. Judgment for plaintiffs, and defendant brings error. Dismissed.

Merwine & Newhouse, for plaintiff in error.

M. A. Dennis, for defendants in error.

NICHOLSON, J., This case is presented on the motion of the defendants in error to dismiss the appeal, and render judgment on the supersedeas bond. The ground for this motion is that the case-made was not served upon Claude C. Best, one of defendants in error.

This proof of service of case-made shows that said case-made was not served upon said defendant in error or his attorney. It has been repeatedly held by this court that where a reversal is sought upon a case-made, such case-made or copy thereof must be served upon each adverse party or his attorney, and a failure to serve such case-made upon one of such parties, who might be prejudicially affected by a modification or reversal of the judgment, defeats the jurisdiction of the Supreme Court and requires a dismissal of the appeal. Spaulding Mfg. Co. v. Dill et al., 25 Okla. 395, 106 Pac. 817; Grounds v. Dingman et al., 60 Okla. 247, 160 Pac. 883, and cases there cited. As this was a joint judgment in favor of both defendants in error, Best would be prejudicially affected by a

reversal or modification of the judgment, and is a necessary party on appeal, and a failure to serve him with said case-made is fatal to the jurisdiction of this court.

As the court is without jurisdiction of the appeal, it is powerless to render judgment on the supersedeas bond.

The appeal is dismissed.

HARRISON, C. J., and McNEILL, MILLER, KENNAMER, and COCHRAN, JJ., concur.