## NORMAN et al. v. MAYES et al.

No. 19469.   Opinion Filed Nov. 27, 1928.

Seawel & deGraffenried, for plaintiff in error.

Langley & Langley, for defendant in error Oscar Mayes.

Henry L. Burris, for defendant in error Graves Farm Loan Investment Company.

PER CURIAM.   This cause was begun in the district court of Mayes county by Oscar Mayes, as plaintiff, against W. F. Norman, defendant, and thereafter Price Cochran and the Graves Farm Loan Investment Company, were made parties defendant.   Judgment was rendered in the cause in favor of the plaintiff and the defendant Graves Farm Loan Investment Company, and against W. F. Norman and Price Cochran, on the 14th day of December, 1927.   The defendants Norman and Cochran filed their motion for new trial, which was overruled on the 19th day of December, 1927, from which judgment the defendants Norman and Cochran have appealed to this court.   The defendant Graves Farm Loan Investment Company has filed in this court its motion to dismiss the appeal for the reason no case-made was ever served upon said defendant in error.   It appears from the record that the case-made was, on the 31st day of May, 1928, served upon Langley & Langley, attorneys for the plaintiff below, Oscar Mayes, but does not appear to have been served upon the defendant in error Graves Farm Loan Investment Company or their attorney of record, Henry L. Burris.

To this motion the plaintiffs in error have responded and assert that the attorneys, Langley & Langley, took such part in the proceedings in said cause in the trial court as to constitute them attorneys of record for the defendant Graves Farm Loan Investment Company, and that they entered into a stipulation agreeing to the correctness of the case-made served and waived the right to suggest amendments and consented to the settlement of the same without notice and joined in the request that the trial judge settle the same.

We have examined the record in this cause, and find that the firm of Langley & Langley represented, in the trial court, the plaintiff, Oscar Mayes, and Henry L. Burris represented the Graves Farm Loan Investment Company, and that the attorney for the plaintiff in error represented the same interest in the trial court as represented here. This finding is supported by the journal entry of judgment incorporated in the record. It recites that the plaintiff in the trial court, Oscar Mayes, appeared by Langley & Langley, his attorneys; that W. F. Norman and Price Cochran appeared by Gus Seawel, his attorney, and defendant Graves Farm Loan Investment Company appeared by Henry L. Burris, its attorney.   The stipulation entered into between the plaintiffs in error's attorney and Langley & Langley upon which they rely recites Langley & Langley, attorneys for plaintiff, and Seawel & deGraffenried, attorneys for W. F. Norman and Price Cochran, and Henry L. Burris, attorney for defendant Graves Farm Loan Investment Company.   This stipulation, however, is signed only by Langley & Langley as attorneys for plaintiff; Seawel & deGraffenried, attorneys for defendant and cross-plaintiff, and nowhere does it appear thereon that said stipulation was signed by Graves Farm Loan Investment Company or by its attorneys.   Tender of case was made by Seawel & deGraffenried, and on the same page of the record is an acknowledgment of the service of such case-made by Langley & Langley, attorneys for the plaintiff, with a blank space thereon upon which no signature appears for the attorneys for cross-defendants.   The certificate of the trial judge is silent as to the appearance of attorneys in this cause.

The plaintiffs in error admit in their response that they were informed at the time of the service of the case-made upon the plaintiff, May 31, 1928, that Langley & Langley did not represent the Graves Farm Loan Investment Company, but assert that they did not have sufficient time to make proper service upon the cross-defendant Graves Farm Loan Investment Company and perfect their appeal.   The motion for new trial

was overruled on the 19th day of December, 1927, and the time for perfecting appeal in this court did not expire until the 19th day of June, 1928. There yet remained 19 days in which to have made proper service of the case-made and perfect their appeal in this court.

The defendant in error Graves Farm Loan Investment Company appeared and took part in the trial of the cause in the lower court and is a necessary party to this appeal.

It has been repeatedly held by this court that where a reversal is sought upon case-made, such case-made or a copy thereof must be served upon each adverse party or his attorney; upon failure to serve such case-made upon one of such parties who might be prejudicially affected by the modification or reversal of the judgment rendered, such case-made is a nullity and presents nothing to this court for review. Best Producing & Refining Co. v. Fagan, 90 Okla. 270, 217 Pac. 368; Grounds v. Dingman, 60 Oka. 247, 160 Pac. 883; Coss v. Sterritt, 49 Okla. 446, 161 Pac. 187.

The case-made, not having been served upon the defendant in error Graves Farm Loan Investment Company, is a nullity and brings nothing before this court for review, and upon motion the appeal in this cause is hereby dismissed.