## PARKS et al. v. PRIKRYL et al.

No. 19790.  Opinion Filed Dec: 18, 1928.

Chapman & Chapman and Everest, Dudley & Brewer, for plaintiffs in error.

Walter E. Latimer and M. L. Hankins, for defendants in error Fred Prikryl and Ignac Prikryl.

W. F. Durham, for defendant in error Edmon C. Robinson.

Walter F. Hill, for defendants in error J. H. Adams and Ed Adams.

PER CURIAM. This action was begun in the superior court of Pottawatomie county, wherein Fred Prikryl and Ignac Prikryl, as plaintiffs, sought to have declared void a deed executed by Ignac Prikryl to an interest in the oil and gas rights of certain real estate, and in which deed E. C. Robinson, now deceased, was the grantee, alleging that the execution of such deed was attended with such fraud as to constitute forgery. The plaintiffs prayed relief in the alternative; first, that such deed be declared void and that title be quieted in plaintiffs and as against all parties claiming any right under said deed, or that if the circumstances surrounding the execution of said deed are not of such a nature and extent as to amount to forgery, then plaintiffs recover judgment for the sum of $4,000 and interest thereon as the reasonable value of the property interest conveyed by said deed. The record discloses that E. C. Robinson, prior to his death, had conveyed certain interest in the oil and mineral rights so conveyed to him by said deed, to W. M. Vlasak, and through him to Roy Parks, E. E. Long, the plaintiffs in error herein, and C. P. Ellis, who is not named a party to this appeal in the petition in error. Phil Watson, as the administrator of the estate of E. C. Robinson, deceased, Edmon C. Robinson, as sole and only heir of E. C. Robinson, for whom W. F. Durham was appointed guardian ad litem in this action, J. H. Adams, and Ed Adams were made parties defendant in the trial court, and against them, together with others, judgment was prayed for the value of the interest conveyed by said deed, and they are also made defendants in error in this court.

Judgment was rendered in the trial court in favor of the plaintiffs and against all of the defendants, holding that said deed was a forgery and that the subsequent grantee of said E. C. Robinson had no interest therein by reason of said conveyance, and quieted title in the plaintiffs, and from this judgment plaintiffs in error appeal.

The defendant Phil Watson, administrator of the estate of E. C. Robinson. deceased, was represented in the trial court by Saunders & Emerick as his attorneys; the defendant Edmon C. Robinson was represented in the trial court by W. F. Durham, guardian ad litem; the defendants J. H. Adams and Ed Adams were represented by Chapman & Chapman, who represent plaintiffs in error in this court, while the plaintiffs were represented by Walter E. Latimer and M. L. Hankins as their attorneys.

The case-made attached to the petition in error and filed in this court was served upon M. L. Hankins. attorney for plaintiffs in the cause. and no service thereof appears to have been made upon the defendants in error Phil Watson, administrator of the estate of E. C. Robinson, deceased, upon Edmon C. Robinson or W. F. Durham. his guardian ad litem, or J. H. Adams or Ed Adams.

The defendants in error Fred Prikryl, Ignac Prikryl, W. F. Durham, as guardian ad litem of Edmon C. Robinson. and J. H. Adams, and Ed Adams have filed herein their motions to dismiss the appeal in this cause for the reason plaintiffs in error failed and neglected to serve case-made upon certain defendants in error, among whom are Phil Watson, as such administrator. and Edmon C. Robinson. or W. F. Durham. his guardian ad litem. J. H. Adams, and Ed Adams. and that the interest of the parties upon whom case-made was not served would be affected by a modification or reversal of the judgment appealed from in this cause,

and they are therefore necessary parties to this appeal.

Each of the movants appeared in the court below, filed their separate answers to the petition of the plaintiffs, were present at the trial of the cause and took part in the proceedings from which the appeal is taken, and in no way filed a disclaimer of their interest in the subject-matter of the action. Their interest might be affected by modification or reversal of the judgment, and they are therefore necessary parties to this appeal.

It has been repeatedly held by this court that where a reversal or modification of a judgment of the trial court is sought upon a case-made, such case-made or a copy thereof must be served upon each adverse party or his attorney of record. Failure to serve such case-made upon one of such parties who might be prejudicially affected by the modification or reversal of the judgment renders such case-made a nullity, and it presents nothing to this court for review. Houghton v. Sealy, 129 Okla. 168, 264 Pac. 140; Best Producing Co. v. Fagan, 90 Okla. 270, 217 Pac. 368; Grounds v. Dingman, 60 Okla. 247, 160 Pac. 883; Coss v. Sterrett, 49 Okla. 446, 161 Pac. 187.

Case-made, not having been served upon the defendants in error Phil Watson, administrator of the estate of E. C. Robinson, deceased, Edmon C. Robinson, or his guardian ad litem, W. F. Durham, or upon J. H. Adams or Ed Adams is a nullity, and brings nothing before this court for review, and the appeal is hereby dismissed.

Note.—See 2 R. C. L. p. 158; 1 R. C. L. Supp. p. 418; 4 C. J. sec. 2000, p. 355, §40.