Mary J. Hughes *et al.* v. M. G. Miller *et al.*

No. 7830.

Case-made, *Failure to Serve in Time.* Where a review is sought upon a case-made, it or a copy thereof must be served upon each adverse party, or his attorney. A failure to serve the case within the prescribed time upon one of such parties who might be prejudicially affected by a modification or a reversal of the judgment, defeats the jurisdiction of the supreme court, and requires a dismissal of the proceeding in error.

*Error from Johnson District Court.*

Action by M. G. Miller against Mary E. Gorsuch and others to recover on a promissory note and to foreclose a mortgage given to secure its payment. Judgment was rendered for plaintiff. Defendants Mary J. Hughes and Benjamin Reeder bring the case to this court. All the material facts are stated in the opinion herein, filed December 7, 1895.

*A. Smith Devenney*, and *John T. Little*, for plaintiffs in error.

*J. W. Parker*, and *S. T. Seaton*, for defendant in error Miller.

*I. O. Pickering*, for defendants in error the Gorsuches.

The opinion of the court was delivered by

JOHNSTON, J.: M. G. Miller brought an action to recover $1,326, with interest thereon, due upon a promissory note executed by Luke E. Gorsuch and Mary E. Gorsuch, and to foreclose a real-estate mortgage which they had executed to secure the payment of the note. Luke E. Gorsuch had died, and his widow and children, who were the heirs at law of the deceased, were made defendants, as were also Mary J. Hughes and Benjamin Reeder, who claimed an interest in the mortgaged premises. Mary J. Hughes and Benjamin Reeder answered separately, demanding judgment against the Gorsuches in a large sum of money, setting forth alleged claims and liens which they claimed were prior to the mortgage of M. G. Miller. The court awarded judgment in favor of Mary J. Hughes in the sum of $7,975.80, and made the judgment a first lien upon the mortgaged property, but denied to her a judgment for the greater part of the amount demanded, holding that the same had been paid off and extinguished. Judgment was given in favor of Miller for $1,798.95, which was declared a lien upon the mortgaged premises second only to the one last mentioned in favor of Mary J. Hughes. Mary J. Hughes and Benjamin Reeder complain of this judgment, and insist that they were entitled to a judgment against the Gorsuches for a sum

at least $20,000 more than was awarded to them, and that they were entitled to have that additional sum declared a lien on the mortgaged lands prior and superior to that of Miller. For this purpose they ask a reversal of the judgment.

It is manifest that the Gorsuches are necessary parties to a review of the rulings and judgment, and that, although they were codefendants with Hughes and Reeder in the court below, they were actually adverse, and must be treated as opposite parties in this proceeding. The right to a review is now questioned by a motion to dismiss, for the reason that the case-made was not served upon the Gorsuches within the time limited by the court. The time fixed by the court within which the case should be served was July 29, 1891, and the order provided that Miller should have 10 days thereafter within which to suggest amendments, and the Gorsuches should have 10 days from the expiration of the time given to Miller within which to suggest amendments, the case to be settled on five days' notice. It appears that the case-made was not served on the Gorsuches until August 8, 1891. The serving of the case is one of the most important steps in obtaining a review in the appellate court. The statute provides that the case-made must be served upon the opposite party or his attorney within three days after the judgment or order is entered, or within such further time as may be allowed and fixed by the court or judge. (Civil Code, §§ 548, 549.) Where a plaintiff in error fails to serve a case upon the opposite party or his attorney within the prescribed time, it is, as to such party, a nullity, and the court or judge has no power thereafter to allow and settle it. (*Funsten v. Fox*, 51 Kan. 682.) Where there are several adverse parties who may be affected

by the reversal or modification of the judgment, the case-made, or a copy thereof, must be served upon each of them. If all are represented by an attorney, a service upon that attorney would be sufficient. Where there are several parties to be served, and the time is limited within which it may be done, a sufficient number of copies of the case may be made to permit of service upon all. Considerable cost would result from the employment of this method, but that might be avoided by obtaining from the court an allowance of sufficient time to serve the original case upon each of the parties who should be made defendants in error. In such a case the order of the court might fix the specific times when the case should be served on each of the parties, allowing each a sufficient time to suggest amendments before it was required to be served on another of the parties, and when all had been served, and all had opportunity to suggest amendments, the case could be settled and signed, after due notice to each, at a fixed time. In the present case the order required service to be made upon all on or before July 29, 1891. The fact that the Gorsuches were given 10 days after Miller had suggested amendments within which to suggest their amendments did not enlarge the time for the service of the case upon them. As the Gorsuches are necessary parties, the failure to serve the case upon them, and to properly bring them into this proceeding, defeats the jurisdiction of this court, and prevents a review of the rulings and judgment. (*Paving Co. v. Botsford*, 50 Kan. 331; *Steele v. Baum*, 51 id. 165; *Loan Co. v. Lumber Co.*, 53 id. 677; *Norton v. Wood*, 55 id. 559; 40 Pac. Rep. 911.)

The petition in error will be dismissed.

All the Justices concurring.