SAMUEL W. HAYES,
MATTHEW J. KANE,
JOHN .B. TURNER,
R. L. WILLIAMS,
} Justices.

---

Spaulding Mfg. Co. v. Dill *et al.*

No. 1147. Opinion Filed January 11, 1910.

(106 Pac. 817.)

**APPEAL AND ERROR — Failure to Serve Case-Made — Dismissal.** Where a reversal is sought upon a case-made, it or a copy thereof must be served upon each adverse party or his attorney. A failure so to do upon one of such parties, who might be prejudicially affected by a modification or reversal of the judgment, defeats the jurisdiction of the Supreme Court, and requires a dismissal of the proceedings in error.

(Syllabus by the Court.)

*Error from District Court, Pontotoc County; Robert Rainey, Judge.*

Action by the Spaulding Manufacturing Company against W. H. Dill and others. Judgment for defendants, and plaintiff brings error. Dismissed.

*Stone & Maxey,* for plaintiff in error.

*A. A. Hatch* and *J. B. Patterson,* for defendant in error Krause.

*C. T. Huddleston,* for other defendants in error.

TURNER, J. On September 23, 1907, H. W. Spaulding, F. E. Spaulding, and E. H. Spaulding, partners under the firm name of the Spaulding Manufacturing Company, plaintiff in error, sued H. W. Dill, H. G. Mellot, and M. W. Krause in the United States Court for the Indian Territory, Southern District, at Ada. The complaint substantially states that defendants theretofore were "incorporated under the laws of the Indian Territory under the act of Congress of February 18, 1901, under the name of the Citizens" Bank & Trust Company of Stonewall, I. T.," and thereafter engaged in a general banking business in said town, and held themselves out to the public for deposits; that each of said defendants was the owner of a large amount of stock in said bank, which they represented to the public as being duly paid up; that plaintiffs relied upon the financial standing of defendants, and on the faith of their large amount of subscribed stock in said bank, and made deposits therein to their credit, amounting, during the month of October, 1905, to $406.48, which defendants on demand have refused to pay; that since making said deposits said defendants have paid out all the funds of said bank; that said bank has no funds now on hand to pay plaintiff's claim—and prays judgment against defendants for said amount and costs.

Defendants filed separate answers, in effect admitting the incorporation of said bank, but denying knowledge, information, or belief that plaintiffs had deposited in said bank the amount set forth in their complaint. Further answering, they say that on February 20, 1909, one Ebey was duly appointed receiver of said bank by order of the United States Court for said district, who qualified and took charge as such of all the assets of said bank; that thereafter said court instructed said Ebey to institute legal proceedings against these defendants and others to recover of each the sum of $2,000, the amount alleged to be due said bank for stock alleged to have been purchased by said defendants, but not

paid for; that thereafter said Ebey accordingly brought suit against each of these defendants for said $2,000, then alleged to be due and unpaid; that defendants duly appeared in said suit, which is still pending in the district court of Okfuskee county, Okla., where the cause was tansferred from the district court of Okmulgee county, the successor of the United States Court aforesaid—and denied their liability as subscribers to the stock of said bank, and filed a copy of their complaint and answer in said cause as exhibits to their answer, and prayed to be discharged, with their costs.

After reply, there was trial to a jury, in the district court of Pontotoc county, where the cause was transferred on the advent of statehood. At the close of plaintiff's testimony, defendant demurred thereto, which was sustained, and judgment rendered for defendants, dismissing plaintiff's suit and taxing it with the costs. After motion for a new trial filed and overruled, plaintiff brings the case here without serving on defendant M. W. Krause, or his attorneys, the case-made or a copy thereof. Our right to review is now questioned by a motion to dismiss on that ground. We think the motion well taken, provided, of course, Krause is a necessary party to this appeal. We think he is, for the reason that he might be prejudicially affected by a modification or reversal of the judgment appealed from.

If the motion for a new trial, which runs against all the defendants, including Krause, should be sustained, the judgment set aside, and a new trial granted, as he would on that trial be subjected to the risk of having judgment lodged against him, he should be joined as a necessary party to this appeal. That he would be so subjected has been held by the Supreme Court of Oklahoma Territory. *Humphrey et al. v. Maggie Hunt,* 9 Okla. 196, 59 Pac. 971, was a suit by defendant in error against plaintiffs in error and one Belt in damages for the death of her husband. There was judgment for plaintiff against all the defendants except one Post, for or against whom no verdict was rendered, and judgment in favor of said Belt against plaintiff. Plaintiff was the only party served with a case-made. In the Supreme Court

she moved to dismiss the appeal, on the ground that all the parties who would be affected by the reversal of the judgment were not served with the case-made and not made parties to appeal. The court in passing held in effect that Belt was a necessary party in the appellate court, and for that reason should have been so served, that his failure to appeal did not render the judgment final as to him, that, should a new trial be granted, he would have to defend in another trial, and take the chances of a verdict being rendered against him, and for that reason sustained the motion and dismissed the appeal. See, also, *Kent et al. v. Williams et al.,* 114 Cal. 537, 46 Pac. 462; *Id.,* 146 Cal. 3, 79 Pac. 527; *Hughes et al. v. Miller et al.,* 56 Kan. 183, 42 Pac. 696; *Yerkes v. McGuire et al.,* 54 Kan. 614, 38 Pac. 781; 29 Cyc. 1028.

The petition in error is dismissed.

All the Justices concur.