## GRIMES v. WEST.

No. 7162. Opinion Filed May 18, 1915.

(149 Pac. 135.)

1. **APPEAL AND ERROR—Parties—Joint Judgment.** All parties to a joint judgment, either as plaintiffs or defendants in error, must be joined in a proceeding in error in this court to review such judgment.

2. **APPEAL AND ERROR—Case-Made—Service—Parties.** Where a judgment of the trial court is sought to be reviewed by means of a petition in error with case-made attached, the case-made must be served upon all parties required to be joined, either as plaintiffs or defendants in error, in the proceeding in error.

(Syllabus by the Court.)

*Error from County Court, Stephens County;*
*J. W. Marshall, Judge.*

Action by Henrietta West against C. L. Grimes and another. Judgment for plaintiff, and defendant named brings error. Dismissed.

*R. E. Bowling* and *Chas. M. Anderson,* for plaintiff in error.

*Chilion Riley,* for defendant in error.

SHARP, J. This action was instituted in a justice of the peace court of Stephens county, and from the judgment there rendered appeal was taken to the county court. Trial was had August 14, 1914, resulting in a judgment in favor of plaintiff and against defendants, C. L. Grimes and Frank Goodman. A motion of defendant C. L. Grimes to set aside the judgment, and for a new trial, was filed August 15th and overruled August 20th, from which action of the court said defendant appeals.

Defendant in error, Henrietta West, has filed a motion to dismiss the appeal upon the ground that Frank Goodman, who was a party defendant, has not been served with case-made in this action. An examination of the record discloses that there has been no service of the case-made upon Frank Goodman or his attorney, and the objection to the consideration of the appeal must be sustained, for it is a well-established rule of this court that where a joint judgment has been rendered against two defendants, they must be joined in a proceeding in error in this court, either as plaintiffs or defendants in error, before such judgment can be reviewed; and, where the review is sought by means of a petition in error and case-made, service of the case-made within the time prescribed by statute must be had upon each of them or their attorneys. A failure so to serve the case-made upon a party to a joint judgment who will necessarily be affected by a reversal

thereof defeats the jurisdiction of the appellate court and prevents a review of the judgment. *Humphrey et al. v. Hunt,* 9 Okla. 197, 59 Pac. 971; *American Nat. Bank of McAlester et al. v. Mergenthaler Linotype Co.,* 31 Okla. 533, 122 Pac. 507; *Appleby et al. v. Dowden,* 35 Okla. 707, 132 Pac. 349; *School Dist. No. 29, McClain County, v. First Nat. Bank,* 40 Okla. 568, 139 Pac. 989; *Tucker v. Hudson et al.,* 38 Okla. 790, 134 Pac. 21; *Bowles et al. v. Cooney et al.,* 45 Okla. 517, 146 Pac. 221.

For the failure to serve case-made upon defendant in error Frank Goodman the appeal is dismissed.

All the Justices concur.