LORENZE v. HATCHER *et al.*

No. 5718.   Opinion Filed May 18, 1915.

(149 Pac. 128.)

**APPEAL AND ERROR—Parties—Joint Judgment—Dismissal.** All parties against whom a joint judgment has been rendered must be made parties to a proceeding in error to reverse such judg-. ment, and the failing to join any of them, either as plaintiff or defendant in error, is ground for dismissal of the case.

(Syllabus by the Court.)

*Error from District Court, Washington County; R. H. Hudson, Judge.*

Action by Isaac Hatcher against A. Lorenze and others. Judgment for plaintiff, and the defendant named brings error.   Dismissed.

*L. G. Owen,* for plaintiff in error.

*George, Campbell & Ray,* for defendant in error Hatcher.

PER CURIAM. On March 31, 1913, the district court of Washington county rendered and entered a joint personal judgment against C. J. Busy, Laura M. Busy, and A. Lorenze on certain promissory notes theretofore executed by C. J. Busy and Laura M. Busy to one Isaac Hatcher, for the payment of which notes A. Lorenze had assumed liability in writing.   From this judgment, A. Lorenze alone appeals without making C. J. Busy or Laura Busy parties to this proceeding in error.

The motion to dismiss for the lack of necessary parties must be sustained.   The rule, as oft repeated by this court, is that all parties against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and a failure to join any of them either as plaintiff or defendant in error, is ground

for dismissal of the case. *Strange et al. v. Crismon*, 22 Okla. 841, 98 Pac. 937; *Vaught v. Miners' Bank of Joplin*, 27 Okla. 100, 111 Pac. 214; *American Nat. Bank v. Mergenthaler*, 31 Okla. 533, 122 Pac. 507; *Crow v. Hardridge*, 43 Okla. 463, 143 Pac. 183; *Bowles v. Cooney et al.*, 45 Okla. 517, 146 Pac. 221.

The appeal is dismissed.