## SWANSON v. BAYLESS *et al.*

No. 4840.    Opinion Filed September 7, 1915.

(151 Pac. 685.)

1.    **APPEAL AND ERROR—Parties.** All persons who are parties to the proceedings in the trial court, and whose interest will be adversely affected by a reversal of the judgment, must be brought into the appellate proceedings.

2.    **APPEAL AND ERROR — Case-Made — Time for Making and Serving —Dismissal.** Where the order extending time to make and serve case-made allows case to be settled upon four days' notice, and the case is settled upon two days' notice, without

an agreement or waiver of time by adverse party appearing and suggesting amendments, it is insufficient, and authorizes a dismissal of the appeal.

3. **SAME—Time for Serving—Extensions.** Where the extensions of time granted by the court or judge have expired, such court or judge is without power to extend the time for serving a case-made, and a case-made served, settled, and signed after the expiration of the time is a nullity.

(Syllabus by McKeown, C.)

*Error from District Court, Murray County;*
*R. McMillan, Judge.*

Action by Emil Swanson against the Sulphur Electric & Refrigerating Company and another, wherein E. G. Bayless and others intervened, and V. A. Swanson was made party defendant by interveners. Judgment for interveners against V. A. Swanson and the Sulphur Electric & Refrigerating Company, and V. A. Swanson brings error. Dismissed.

*Allen & Latimer,* for plaintiff in error.

*Emanuel & Broadbent, Geo. M. Nicholson,* and *Gray & McVay,* for defendants in error.

Opinion by McKEOWN, C. The judgment rendered in the trial court on August 15, 1912, was against the plaintiff, Emil Swanson, to the effect that he take nothing, and in favor of the interveners, against one of the defendants, Sulphur Electric & Refrigerating Company, for the sum of $31,327.14. Likewise there was judgment in favor of the interveners, E. G. Bayless, C. J. Webster, T. E. Molacek, and Mrs. W. B. Womack, against V. A. Swanson, plaintiff in error, for the same amount, and ordering the receiver to pay all funds in his hands to the interveners. Neither Emil Swanson nor the Sulphur Electric & Refrigerating Company was made a party to this appeal. Case-made was not served upon them, nor has any appearance or waiver

thereof been entered in this court. We are of the opinion that they are necessary parties to this appeal.

"Where a judgment is joint, all persons against whom it is rendered and who would necessarily be affected by a reversal must be served with the case-made, unless the same be waived, and given notice of the time and place of settling and signing the case-made, unless the same be waived, or they appear, and must be made parties to the appeal; and when such presentation is not made, and such notice is not given, nor the same waived, nor an appearance made, and such parties are not made parties to the appeal, this court is without jurisdiction to hear such appeal." *(Coss et al. v. Sterritt,* 49 Okla. 446, 152 Pac. 187.)

See, also, *Kolp v. Parsons,* 50 Okla. 372, 150 Pac. 1043.

Plaintiff in error obtained an order extending time to serve case-made for four days, commencing February 11th, also including February 15th, allowing eight days to suggest amendments, and to be settled upon four days' notice. The defendants in error had, under the order, eight days from the 15th, which would be until February 23d, to suggest amendments, and it required four days' notice in which to settle. Plaintiff in error only gave two days' notice, and that before the time to suggest amendments had expired. Defendants in error did not waive the irregularity, but noted their objections thereto.

It cannot be insisted that they waived by suggesting amendments. There appears in the papers filed in this court a list of amendments suggested, but it does not appear to have been filed below, and the judge's certificate recites:

"That said interveners Bayless and Webster *et al.* have presented no amendments to the case-made within the time allowed them by the orders of the court."

In *Martindale et al. v. Richard Shaha, post, p. ......,* 151 Pac. 1019, this court, speaking through Galbraith, C., held that:

"Defendant in error has a right to notice of the time and place of settlement of case-made, and the certificate of the trial judge in settling the case, which fails to show the presence of the defendant in error, either in person or by attorney, or that the right to be present is waived, is fatally defective."

The certificate of the trial judge contains no recitation as to appearance by defendant in error, or as to waivers of any kind. It is true that the service of the notice appears in the case-made, but it was insufficient notice, as hereinbefore stated.

Aside from the grounds of the motion to dismiss, the transcript of the record discloses the fact that plaintiff in error failed to serve his case-made within the time granted by orders of the trial judge. The first order of extension was for 90 days from August 27, 1912, which would have expired on November 24, 1912, instead of the 27th, as recited in the second order of extension. The second order extending the time 60 days was made and entered November 14, 1912, which was within time, and likewise the third order extending time for 15 days, was made on January 20, 1913, and filed on the 24th, and was in time; but the fourth order, extending time four days from February 11, 1913, was made on February 10, 1913; whereas, the 165 days theretofore granted from August 27, 1912, in the three orders extending time within which to serve case-made, had expired on February 8, 1913. Therefore it follows that the last order extending time was void and of no effect having been made after the time had expired, with no recitation in said order setting out any unavoidable

.casualty or misfortune, preventing the order from being made in ample time.

Where the extension of time granted by the district court, or judge thereof, has once expired, such court or judge has no power to extend the time for serving a case-made, and a case-made served, signed, and settled after the expiration of time is void. *Bray v. Bray*, 25 Okla. 71, 105 Pac. 200; *Ellis et al. v. Carr*, 25 Okla. 874, 108 Pac. 1101. This has been the uniform holding of this court, and the latest case we have noticed is *Bank of Haworth et al. v. B. F. Martin*, 49 Okla. 335, 151 Pac. 1167. The case-made having been served February 11, 1915, three days after the time extended by valid orders, cannot be considered by this court.

We therefore recommend that the appeal be dismissed.

By the Court: It is so ordered.