## PENICK v. FIRST NAT. BANK OF LAWTON.

No. 6162—Opinion Filed May 2, 1916.

Rehearing Denied Dec. 31, 1918.

(176 Pac. 890.)

1. **Appeal and Error—Proceeding in Error —Parties.**

All parties to a joint judgment, either as plaintiffs or defendants in error, must be joined in a proceeding in error in this court to review such judgment.

2. **Appeal and Error—Case-Made—Service on Parties.**

Where a judgment of the trial court is sought to be reviewed by means of a petition in error with case-made attached, the case-made must be served upon all parties required to be joined, either as plaintiffs or defendants in error, in the proceeding in error.

(Syllabus by Davis, C.)

Error from County Court, Comanche County; H. N. Whalin, Judge.

Action by the First National Bank of Lawton against G. W. Goff, W. A. Penick, and another. Judgment for plaintiff, and defendant W. A. Penick brings error. Dismissed.

W. C. Henderson, for plaintiff in error.

Johnson & Stevens, for defendant in error

Opinion by DAVIS, C. This was an action brought originally by the plaintiff, the First National Bank of Lawton, against the defendants, G. W. Goff, L. Verte Goff, and W. A. Penick, before S. Armstrong, a justice of the peace for the city of Lawton township, state of Oklahoma, upon a certain joint promissory note dated at Lawton, Okla., January 13, 1909, for the principal sum of $87.50, due six months after date and bearing 10 per cent. interest from and after maturity.

On September 5, 1910, the defendant W. A. Penick filed his affidavit before said ·justice for a·change of venue in said cause, and thereafter, the record recites, on the 19th day of September, 1910, there was filed in the office of M. T. Perkins, justice of the peace in and for said city of Lawton district in said county, a transcript of said cause from the court of S. Armstrong, justice of the peace.

An examination of this transcript reveals the following, among other things:

| | |
|---|---|
| Issuing the summons | .25 |
| Return day is Sept. 9th. 9 A. M. 1910 | .10 |
| Sept 2, 1910. Summons return service constable's fee $6.35 | .10 |

Said transcript further discloses the fact that the change of venue asked for by the defendant W. A. Penick was granted, and cause ordered transferred for trial to M. T. Perkins, justice of the peace.

The cause was tried before Sydney Denham, justice of the peace, successor to M. T. Perkins. The following appears by his transcript, afterwards filed in the county court of Comanche county, Okla., on appeal:

"Suit to recover $105 & 09/100 on note.

"Sept. 1, 1910, summons issued, served, and returned Sept. 1, 1910, by T. J. Mitchell. constable, case set for trial Sept. 9, 1910. * * *

"Feby. 20, 1911, 1:30 P. M. Plaintiff appears by attorney A. E. Hammond and defendant W. A. Penick appears in person and by attorney W. C. Henderson, Defts. Goff appear not. * · * *

"Feby. 28, 1911, the plaintiff appears by its attorney, A. E. Hammond, and defendant by his attorney W. C. Henderson, and, no additional evidence being offered, the court,

after hearing the argument of counsel both for the plaintiff and the defendant W. A. Penick, and considered the evidence, and being fully advised in the premises, finds from the evidence that the defendant W. A. Penick the note in suit as a principal thereon, and that the defendant W. A. Penick, is indebted to the plaintiff, the First National Bank of Lawton, in the same maner and to the same extent as the codefendants G. W. Goff and Versie Goff, and in the sum of eighty-seven & 50-100 dollars principal—and eleven & 85-100 dollars interest from the 25th day of October, 1909, and in the furer sum of nine & 55-100 dollars attorney fees. It is therefore considered, ordered, and adjudged by the court that said plaintiff do have and recover of and from the defendants the sum of one hundred and eight & 85-100 dollars with interest thereon at the rate of 10 per cent per annum from the date of this judgment, and costs of suit taxed at $———.

"And said note is now merged into this judgment. Sydney Denham, Justice of the Peace.

"March 8, 1911. Now on this day comes Deft. W. A. Penick & executes appeal bond in the sum of two hundred and fifty dollars ($250) with Frank Spencer and J. H. Gordon, sureties thereon, and the same is approved.

"Sydney Denham, J. P."

After W. A. Penick had duly perfected his appeal to the county court of Comanche county, Okla., the cause came on for hearing in its regular order before said court, the plaintiff appearing by its attorneys, Stevens & Myers, the defendant W. A. Penick appearing by his attorney, W. C. Henderson, and the defendant G. W. Goff and L. Verte Goff appearing not, although the court finds that the due and legal summons had been made upon said defendants personally, as provided by law, the plaintiff and defendant W. A. Penick duly announced ready for trial, thereupon plaintiff filed motion for judgment on the pleadings, which was duly heard and sustained by the court, the defendant W. A. Penick duly excepted, and the court thereupon rendered judgment in favor of the plaintiff and against each of said defendants for the amount of said note, including principal, interest, attorney's fees, and costs of suit, the court in so doing using the word "defendants" in the plural three distinct and separate times, all of the above and foregoing fully appearing upon the face of the final journal entry or judgment of said court set out in the record and appealed from by the defendant W. A. Penick alone.

On November 15, 1915, the defendant in error filed its motion to dismiss this appeal

in this court, which motion, omitting the caption, reads as follow:

"And now comes the said above-named defendant in error, and here moves the court to dismiss the appeal of the said plaintiff in error, and as grounds for such motion states that a joint judgment was entered against the said plaintiff in error, together with G. W. Goff and L. Verte Goff, upon a promissory note executed by each of them, which said judgment appears in the record accompanying the petition in error, and is as follows:

"'State of Oklahoma, Comanche County— ss.: In the County Court. The First National Bank of Lawton, Plaintiff, v. G. W. Goff, L. Verte Goff, and W. A. Penick, Defendants.

"'Journal Entry.

"'Now on this the 16th day of September, A. D. 1913, the same being one of the days of the regular July term, 1913, of the above-entitled court, the above-entitled action came on to be heard in its regular order, the plaintiff appearing by its attorneys, Stevens & Myers, the defendant W. A. Penick appearing by his attorney W. G. Henderson, and the defendants G. W. Goff and L. Verte Goff appearing not, although the court finds that due and legal summons had been made upon said defendants personally as provided by law, and, the plaintiff and defendant W. A. Penick having announced ready for trial, the plaintiff filed its motion for a judgment upon the pleadings filed in said cause, and the court, after reading said motion, hearing argument of counsel, and being advised in the premises, finds that said motion should be sustained, and that plaintiff is entitled to a judgment on the pleadings as against the defendants in the sum of eighty-seven and 50-100 ($87.50) dollars, with interest thereon at the rate of 10 per cent per annum from the 13th day of July, 1909, amounting to this date, principal and interest, one hundred twenty-three and 96-100 ($123.96) dollars. And the court finds that said plaintiff is entitled to a judgment of 10 per cent. of the amount of said note, amounting to twelve and 39-100 ($12.39) dollars as attorney's fees.

"'It is therefore considered, ordered, and adjudged by the court that said plaintiff do have and recover of and from the said defendants the sum of one hundred twenty-three and 96-100 ($123.96), and that the said judgment bear interest from this date at the rate of 10 per cent. per annum.

"'And it is further considered, ordered, adjudged, and decreed by the court that the said plaintiff have a further judgment against the said defendants in the sum of twelve and 39-100 ($12.39) dollars as attorney's fees and cost of this action taxed at $———.

"'[Signed]  H. N. Whalin,
"'Judge County Court.

" 'Filed Feb. 14, 1914.'

"That said judgment is a joint judgment against G. W. Goff, L. Verte Goff, and W. A. Penick, and that neither the said G. W. Goff nor L. Verte Goff are either made plaintiffs in error or defendants in error, and that it is necessary that the said G. W. Goff and L. Verte Goff should be parties to said appeal in order to confer jurisdiction on this court. Humphrey v. Hunt, 9 Okla. 197, 59 Pac. 971; Strange v. Crismon, 22 Okla. 841, 98 Pac. 937; Vought v. Miners' Bank, 27 Okla. 100, 111 Pac. 214; American Nat. Bank v. Mergenthaler, 31 Okla. 533, 122 Pac. 507; Appleby v. Dowden, 35 Okla. 707, 132 Pac. 349; Tucker v. Hudson, 38 Okla. 790, 134 Pac. 21; School District v. First Nat. Bank, 40 Okla. 568, 139 Pac. 989; Crow v. Hartridge, 43 Okla. 463, 143 Pac. 183; Bowles v. Cooney, 45 Okla. 517, 146 Pac. 221; Lorenze v. Hatcher, 47 Okla. 434, 149 Pac. 128; Grimes v. West, 47 Okla. 436, 149 Pac. 135.

"Wherefore said defendant prays that said cause be dismissed; that it go hence without day, and have all other appropriate relief in the premises.

"[Signed]     Johnson & Stevens,

"Attorneys for Defendant in error.
"Service of a copy of the foregoing motion to dismiss acknowledged this 15th day of November, 1915.

"[Signed]     W. C. Henderson.

"Attorney for W. A. Penick, Plaintiff in error."

No response or reply to this motion has been filed on the part of plaintiff in error, but counsel of record for plaintiff in error, on page 2 of his printed brief, makes this assertion or statement:

"Service of summons was had only upon the defendant W. A. Penick."

The case-made in this action was only served on the defendant in error the First National Bank of Lawton, Okla.

Under these conditions above set out we are of the opinion that the motion by defendant to dismiss this appeal is well taken, and that the authorities cited therein fully justify its position as set forth therein. This court being without jurisdiction to entertain this appeal, we, therefore, recommend that said appeal be dismissed.

By the Court: It is so ordered.