## ALLEN v. McLAREN *et al.*

No. 7704.   Opinion Filed May 2, 1916.

(157 Pac. 349.)

**APPEAL AND ERROR—Record—Settlement of Case-Made—Notice.**
Where an order extending time to make and serve case-made allows case to be settled upon five days' notice, and the case is settled upon three days' notice, without an agreement or waiver of time by adverse party appearing and suggesting amendments, the notice is insufficient and authorizes a dismissal of the appeal.
(Syllabus by the Court.)

*Error from District Court, Tillman County;*
*Frank Mathews, Judge.*

Action by J. P. Allen against W. J. W. McLaren and others. Judgment for defendants, and plaintiff brings error. Dismissed.

*Mounts & Davis,* for plaintiff in error.

*Wilson & Roe,* for defendants in error.

KANE, C. J. This cause comes on for hearing upon a motion to dismiss, upon the ground, among many others, that "sufficient notice to settle and sign the case-made was not given the defendants in error, as required by the order of the court."

It seems that by order of the trial court said plaintiff in error was required to give five days' notice of the time and place of signing and settling the case-made; that the notice of settling and signing was served on the attorneys for the defendants in error on the 22d day of September, 1915, and the case-made was settled on September 25, 1915, a period of only three days.

In the case of *Swanson v. Bayless,* 51 Okla. 37, 151 Pac. 683, the trial court's order extending time to make and serve case-made required the defendant to give four days' notice, but only two days' notice was given. The court held:

"Where the order extending time to make and serve case-made allows case to be settled upon four days' notice, and the case is settled upon two days' notice, without an agreement or waiver of time by adverse party appearing and suggesting amendments, it is insufficient, and authorizes a dismissal of the appeal."

For the reason stated, the motion to dismiss must be sustained.

All the Justices concur.