### DURANT v. STANFIELD.

No. 9039.—Opinion Filed Jan. 20, 1920.

(Syllabus by the Court.)

**Appeal and Error—Case-Made—Time for Service.**

This appeal is dismissed for the reason the case-made was not served on the opposing party within the time as fixed by the order of the trial court.

Error from Superior Court, Muskogee County: H. C. Thurman, Judge.

Action by Lucinda Durant against D. F. Stanfield. Judgment for defendant, and plaintiff brings error. Dismissed.

Robertson, Bailey, Roach & Bailey, for plaintiff in error.

J. D. Simms, M. G. Bailey, and W. J. Crump, for defendant in error.

HIGGINS, J. Lucinda Durant will be referred to as plaintiff, and D. F. Stanfield as defendant, they having so appeared in the lower court.

The defendant secured judgment in the lower court, and the plaintiff seeks an appeal to this court upon the petition in error with case-made attached.

In his brief the defendant again urges the court to pass on the motion to dismiss. It appears that this motion has heretofore been denied upon the recommendation of the Supreme Court Commission, to whom it was referred and who had the cause under advisement at time the term of the commission expired by operation of law. We have examined this motion, and find the irregularities complained of sufficiently serious to justify this court in making a finding and ruling thereon.

The defendant asks that the appeal be dismissed for the reason the case-made was not

served on him as by law and order of court required.

On October 14, 1916, the day the motion for new trial was overruled and judgment was entered for defendant, the plaintiff gave notice of an appeal to this court, whereupon the court granted her 60 days to prepare and serve a case-made, the defendant ten days to suggest amendments thereto, the same to be settled on five days' notice. On December 12, 1916, upon application of plaintiff to extend time for making and filing a case-made, the court entered the following order:

"Now on this day the motion of the plaintiff in the above-entitled cause for the extension of time to make and file case-made coming on to be heard, the same having been duly considered by the court, and the court being of the opinion that said motion should be sustained—

"It is therefore ordered by this court that the time for making and filing a case-made in said cause be extended sixty days from this date.

"Dated this the 12th day of December, 1916.
"H. C. Thurman, Judge."

There is no record that the case-made was ever served upon the defendant or his attorneys. On April 11, 1917, notice was served on the attorneys representing the defendant that on April 14, 1917, at 9 o'clock a. m., the case-made would be presented to the judge who tried the cause to be settled. On April 14, 1917, the case-made was presented to the judge, who signed the certificate to same, the defendant appearing neither in person nor by his attorneys. And on the same day, the very last day for filing the appeal in this court, the purported case-made was filed in the office of the clerk of the superior court of Muskogee county, and the petition in error, with case-made attached, was filed in this court. The defendant moves to dismiss the appeal for the reason the case-made was not served on him as by law and order of court required.

In Tesse Cotton Co. v. Rain, 52 Okla. 503, 153 Pac. 63, it is held:

"Where case-made is not served on opposing counsel within the time allowed by law or order of the trial court for serving the same, the Supreme Court cannot consider any error occurring at the trial, and, no error appearing in the record, the appeal should be dismissed."

The same is held in King v. Pool, 49 Okla. 573, 153 Pac. 860; Martin v. Milnor, 52 Okla. 232, 152 Pac. 388; and Allen v. McLaren, 53 Okla. 567, 157 Pac. 349.

In this case, at the trial evidence was introduced by both parties, at the conclusion of which and upon the evidence so introduced the court entered judgment. All errors complained of in the assignment of errors are those which can be considered only upon a petition in error, with case-made attached.

Therefore, for the reason the case-made was not served on the defendant or his counsel within the time fixed by the order of the trial court, there is nothing left for this court to do but to dismiss the appeal.

Appeal dismissed.

All the Justices concur.