**BARROWS et al. v. CASSIDY et al.**

No. 16197—Opinion Filed Sept. 15, 1925.

(Syllabus.)

**1. New Trial—Motion Premature Before Judgment.**

Where a case is tried to the court, a motion for a new trial filed before the court renders judgment is premature.

**2. Appeal and Error—Case-Made—Service—Parties.**

Where an appeal is taken from a judgment rendered in favor of three defendants in error, adjudging to each a one-third interest in certain property, case-made must be served on each of them or their attorneys of record.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action between W. Earl Barrows et al. and W. J. Cassidy et al. From the judgment, the former bring error. Dismissed.

Ledbetter & Ledbetter, for W. J. Cassidy.

Potterf & Gray, for Ed Byrd.

Johnson & McGill, for W. A. Ledbetter.

PER CURIAM. The defendant in error, W. J. Cassidy, brought suit in the district court o. Carter county against W. A. Ledbetter, Ed Byrd, and numerous other parties to quiet title to certain real property. Plaintiffs in error intervened in this action, asserting ownership of a certain oil and gas lease on said land, and also to all machinery, pipes, tanks, etc., located on the same. Cassidy was represented by Ledbetter & Ledbetter, Ed Byrd was represented by Potterf & Gray, and W. A. Ledbetter was represented by Johnson & McGill. The case was tried to the court, a jury being waived, on the 17th day of March, 1924. The court took same under advisement, and rendered judgment on the 12th day of September, 1924 in favor of plaintiff, W. J. Cassidy, and defendants, Ed Byrd and W. A. Ledbetter, adjudging that each was the owner of a one-third interest in the property, and quieted title in them to the same. On the 5th day of May, 1924, interveners, now plaintiffs in error, filed a motion for a new trial, which on the 12th day of September, 1924, was overruled, and plaintiffs in error appeal.

Section 574, C. O. S. 1921, provides that a motion for a new trial must be filed within three days after judgment is rendered. This court has uniformly held that this statute is mandatory, and that unless a motion

for a new trial is filed within three days after verdict or judgment, except unavoidably prevented, the same is a nullity, and errors occurring at the trial cannot be considered. Ewert v. Wills, 72 Okla. 23, 178 Pac. 87; Clark v. Cawdell, 72 Okla. 321, 181 Pac. 285.

The statute prescribes when a motion for a new trial shall be filed, and when prematurely filed it is as much out of time as when filed too late. Gibson v. McLane, (Ariz.) 148 Pac. 288; Mahoney v. Caperton, 15 Cal. 313; Dominguez v. Mascotti (Cal.) 15 Pac. 773; Fountain Water Co. v. Dougherty (Cal.) 66 Pac. 316; St. Louis v. Boyce, 130 Mo. 172; 29 Cyc. 1040.

Under section 782, C. O. S. 1921, all parties of record in the trial court automatically become parties to the appeal.

The case at bar is appealed by case-made, and section 785, C. O. S. 1921, provides that the same must be served on the opposite party or his attorney, and where there are more than two defendants in error, service may be had by filing case-made and a copy thereof in the office of the clerk of the trial court and giving notice of such filing.

The case-made was served on the attorneys of record for the defendant in error W. J. Cassidy, but was not served on Ed Byrd or W. A. Ledbetter or their attorneys, and judgment having been rendered in their favor in the trial court which plaintiffs in error now seek to reverse, they should have been served with case-made. Phillips v. Hackler, 49 Okla. 586, 153 Pac. 863; Grimes v. West, 47 Okla. 436. 149 Pac. 135.

The appeal is dismissed.

Note.—See under (1) 29 Cyc. p. 1040. (2) 4 C. J. p. 355, § 2000.