**HOUGHTON v. SEALY et al., Trustees.**

No. 17266.   Opinion Filed Nov. 22, 1927.

Rehearing Denied Feb. 21, 1928.

(Syllabus.)

**1. Appeal and Error—Necessary Parties to Appeal.**

All persons who were parties to the proceeding in the trial court, and whose interest may be prejudicially affected by a modification or reversal of the order or judgment appealed from, are necessary parties in the appellate court.

**2. Same—Failure to Serve Case-Made on Necessary Party—Dismissal.**

A failure to serve case-made upon an ad-

verse party whose rights might be prejudicially affected by a modification or reversal of the order or judgment appealed from defeats the jurisdiction of the Supreme Court to entertain such appeal, and said appeal will be dismissed on motion.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Motion by C. E. Houghton to set aside sheriff's sale under mortgage foreclosure in favor of John Sealy et al., trustees of Magnolia Petroleum Company, and another. Motion overruled, and movant appeals. Appeal dismissed.

Woodson E. Norvell and Edward E. Harvey, for plaintiff in error.

W. H. Francis, B. B. Blakeney, and Hubert Ambrister, for defendants in error.

JEFFREY, C. This was an action commenced in the district court of Tulsa county by the Magnolia Petroleum Company, as plaintiff, against C. E. Houghton, defendant, on a promissory note in the sum of $12,000, and for the foreclosure of a mortgage on certain lots in the city of Skiatook. By permission of the court, Julia Haas intervened in said action, and filed an answer and cross-petition. By her cross-petition, she alleged that defendant had executed to her a mortgage on the same real estate included in plaintiff's mortgage to secure a note in the sum of $5,000, and asked that her mortgage be decreed a prior lien, that her mortgage be foreclosed, the real estate sold, and that the proceeds be applied in the following order: In the payment of taxes, costs, in satisfaction of her judgment, and the balance, if any, applied on plaintiff's claim. The cause was tried to the court on the 5th day of June, 1925, at which time all parties appeared in person and by their counsel The court found that both plaintiff and intervener, Julia Haas, were entitled to judgment for the full amount of their respective claims, and to have their respective mortgages foreclosed. The court further found that the mortgage of Julia Haas was a first and prior lien on said real estate, ordered the same foreclosed, and the property sold, and the proceeds thereof applied in the following order: (1) To the payment of taxes due on said land; (2) to the payment of court costs herein; (3) to the payment of the judgment herein rendered in favor of the interpleader, Julia Haas; (4) to the payment of the judgment herein in favor of the plaintiff, Magnolia Petroleum Company.

On praecipe of plaintiff an order of sale

was issued, appraisement was had, and the real estate was sold on the 12th day of September, 1925, and plaintiff became the purchaser thereof for the sum of $14,000. Plaintiff then filed its motion to confirm said sale, and defendant filed a motion to vacate the sale on the ground that the same was void. The first mortgage contained a waiver of appraisement, and the second mortgage contained the following provisions:

"And the said party of the first part for said consideration does hereby waive (or) not waive appraisement of the option of the said second party, its heirs and assigns."

The court, having heard the motions, sustained plaintiff's motion to confirm the sale, and overruled defendant's motion to set aside the sale. From the order of the court overruling defendant's motion to set aside the sale, defendant has appealed. After plaintiff had paid the purchase price to the sheriff, the court issued an order to the sheriff to disburse said funds by paying the costs in the amount of $112.64, the taxes in the amount of $465.89, and to the payment of the judgment in favor of Julia Haas, including interest and attorney's fees, in the amount of $5,942.99. The amount of the judgment was accordingly paid by the sheriff to Julia Haas out of said funds.

The jurisdiction of this court to entertain said appeal has been challenged by plaintiff by a motion to dismiss defendant's appeal. The case-made was served upon plaintiff, but was not served upon Julia Haas, nor was she given notice of the time and place of presenting the case-made to the trial judge for signing and settling, and it does not appear that she appeared on any occasion during the progress of the appeal. This being true, plaintiff asserts that the case-made is a nullity, and the appeal should be dismissed. The case-made, not having been served on Julia Haas, is a nullity as to her, and if she is a necessary party to the appeal, the case-made is a nullity for all purposes, and the appeal should be dismissed.

Section 785, C. O. S. 1921, requires that the case-made or a copy thereof be served upon the opposite party or his attorney. In the case of In re Wah-shah-she-meltsa-he's Estate, 111 Okla. 177, 239 Pac. 177, it was held that the expression "opposite party" means all parties who have an interest in upholding the decree sought to be reversed. "Opposite" is a synonym of "adverse." It is apparent that the interest of Julia Haas was in the beginning adverse to that of defendant, but defendant asserts in substance

that her judgment having been paid in full, she has no interest in upholding the decree sought to be reversed.

Defendant by his appeal asserts that the order of sale was void by reason of the same having been issued before the expiration of six months from the date of judgment, and asks that the order of sale be vacated by reason of the same having been issued before the expiration of six months from the date of judgment, and that the order of the trial court be reversed. If this court, in passing on the merits of this appeal, should hold that the order of sale was void, and reverse the cause, what position would Julia Haas be in? She would have received $5,942.99 by virtue of a void sale, and no doubt could be compelled to repay that amount. It may be that, in such event, plaintiff would desire to be subrogated to the rights of Julia Haas, or that the real estate would sell for a sufficient amount so that she would still realize the full amount of her judgment. But should the order of sale be set aside, the property again would have to be offered for sale, and we have no assurance that it would sell for even a sufficient sum to pay her judgment. It is likely that the most valuable part of the property is the improvements located thereon, and certainly should such improvements be consumed by fire, another sale would not bring as good a price as the first sale. It would then seem that the interest of Julia Haas might be vitally and prejudicially affected by a reversal of this cause, and that she is a necessary party to the appeal. All persons who were parties to the proceedings in the trial court, and whose interest will be affected by the modification or reversal of the judgment or order on appeal are necessary parties on appeal. Weisbender v. School District No. 6, 24 Okla. 173, 103 Pac. 639; Swanson v. Bayless, 51 Okla. 37, 151 Pac. 683; Spaulding Mfg. Co. v. Dill, 25 Okla. 395, 106 Pac. 817; Hawkins v. Hawkins, 35 Okla. 641, 130 Pac. 926.

It has been repeatedly held by this court that a failure to serve case-made upon an adverse party, whose rights might be prejudicially affected by a modification or reversal of the judgment appealed from, defeats the jurisdiction of the Supreme Court to entertain such appeal. And where the jurisdiction in such cases is challenged by motion to dismiss, such motion will be sustained. Spaulding Mfg. Co. v. Dill, 25 Okla. 395, 106 Pac. 817; Barrows v. Cassidy, 113 Okla. 114, 239 Pac. 581; Penick v. First National Bank of Lawton, 74 Okla. 85, 176 Pac. 890;

Grayson v. Perryman, 25 Okla. 339, 106 Pac. 954.

The plaintiff's motion to dismiss is sustained, and the appeal is dismissed.

BENNETT, TEEHEE, LEACH, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 1014, §970; 2 R. C. L. p. 49. (2) 4 C. J. p. 355, §2000; p. 570, §2380; 2 R. C. L. p. 167; 1 R. C. L. Supp. p. 422.