## RICHIE v. RICHIE et al.

No. 17606. Opinion Filed May 1, 1928.

Rehearing Denied June 19, 1928.

(Syllabus.)

1. **Appeal and Error—Insurer not Necessary Party on Appeal from Judgment Adjudicating Right to Proceeds as Between Rival Claimants.**

In an action on an insurance policy to determine the rightful beneficiary to the proceeds thereof, where the insurer admits his liability and is willing to pay the insurance into court, or to the party adjudged to be the beneficiary thereof, the insurer is not a necessary party on appeal from a judgment whereunder the question to be adjudicated on appeal arises upon the sufficiency of the evidence to sustain the judgment of the trial court in adjudging the one claimant to be the beneficiary as against the other claimant.

2. **Insurance—Life Insurance—Validity of Redesignation of Beneficiary—Irregularity in Application for Change Waived by Insurer.**

Where the insured, under the contract of insurance, has the right to redesignate his beneficiary, the mode of procedure prescribed by the by-laws of the insurer is intended only for the protection of the insurer, and may by him be waived. And, in an action upon the policy involving an attempted change of beneficiary by the insured then in extremis, for which the application was irregularly executed in certain details, where the insurer retains the papers and fee for such change and admits his liability on the policy, and is willing to pay the insurance either into court or to the party judicially determined to be the beneficiary, such retention of the papers and fee and admission of liability constitute a waiver. In such case, the irregularities cannot be taken advantage of by the original beneficiary though the redesignation be incomplete at the death of the insured, it appearing that the attempted change was made in good faith, as equity will treat that as done which ought to have been done, and will sustain and complete the change of the beneficiary in conformity with the application.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tillman County: Frank Mathews, Judge.

Action by Mary Richie against the Knights of Pythias, Great Western Lodge No. 115 of Frederick, Okla., and the Grand Lodge of Knights of Pythias of N. A., S. A., E., A., A. and A. of the Jurisdiction of Oklahoma, and Roxie Richie, interpleader. Judgment for plaintiff, and Roxie Richie, interpleader, appeals. Affirmed.

Christian & Scott, for plaintiff in error.

Mounts & Chamberlin and J. T. Johnson, for defendants in error.

TEEHEE, C. Defendant in error Mary Richie, plaintiff below, brought suit against the Knights of Pythias, Great Western Lodge No. 115 of Frederick, Okla., and the Grand Lodge of Knights of Pythias of N. A., S. A., E., A., A. & A. of the jurisdiction of Oklahoma, on a life insurance policy issued through the local lodge to one A. L. Richie, of which lodge the insured was a member, in which action she impleaded the plaintiff in error, Roxie Richie, who, together with the fraternal orders named, will hereinafter be referred to as defendants.

In her petition, plaintiff alleged, in substance, that the defendant fraternal orders through the local lodge, in November, 1918, issued their policy of insurance to A. L. Richie, at which time the insured maintained a meretricious relationship with the defendant Roxie Richie, whom he had designated as his beneficiary in the insurance policy, the original policy then being in the possession of the Grand Lodge, for which reason she was unable to make a copy thereof as an exhibit; that a few months thereafter, Roxie Richie left the insured at Frederick, where they had so lived together, and moved to the state of California, her address being unknown to plaintiff; that plaintiff married the insured on March 6, 1922, and thereafter, to his death on November 11, 1922, lived with him as his wife, at which time there was payable under the insurance policy to his beneficiary the sum of $400; that on or about October 29, 1922, the insured in writing, pursuant to the by-laws of the order, requested a change of his beneficiary from that of the defendant Roxie Richie to plaintiff, which request was received and approved by the local lodge, and by it transmitted to the Grand Lodge at Oklahoma City, and that at the time of death of the insured, such request had been recognized by the Grand Lodge, and that the same was sufficient and effected the designation of plaintiff as the beneficiary of the insurance in lieu of the defendant Roxie Richie; that though the defendant Roxie Richie's name appeared as beneficiary in said policy under the relationship of wife, by virtue of the request of the change of such beneficiary made as aforesaid by the insured, the defendant Roxie Richie had no right, title, claim or interest in and to the proceeds of the insurance policy payable as aforesaid; whereupon plaintiff prayed judgment of $400 on said policy against the defendant fraternal or-

ders, and judgment of ouster of the defendant Roxie Richie as the beneficiary thereof.

In due course the cause came on regularly for trial, and, the parties defendant being in default of pleadings to the merits, upon hearing of plaintiff's evidence, judgment in accordance with the relief sought went for plaintiff. In due time, on motion of defendant Roxie Richie, the judgment as to her was vacated, whereupon she filed appropriate pleadings in contest of plaintiff's alleged right to the proceeds of the policy, a copy of which, by exhibit, she made a part of her cross-petition on which she prayed judgment against her codefendants and to which they defaulted. Plaintiff by reply denied all new matter pleaded by defendant Roxie Richie. Thereafter, the controversy between the beneficiary claimants was tried to the court without the intervention of a jury. The court found for the plaintiff, and rendered judgment accordingly, and by reference made the judgment theretofore rendered a part thereof, which in effect, by such confirmation and ratification of the original judgment, was a default judgment against the defendant fraternal orders.

From the judgment the defendant Roxie Richie appealed. Upon perfection of the appellate proceedings, no service of the case-made by her was had on the other defendants. At the time of filing of the case-made in this court, there was also filed in the cause, as a separate instrument, the following:

"Comes now the Knights of Pythias, Great Western Lodge No. 115 of Frederick, Okla., and the Grand Lodge of Knights of Pythias of N. A., S. A., E., A., A. and A., and waives the service and settlement of case-made, and also waives the service of brief by the plaintiff in error, and all other matters incumbent upon said plaintiff in error to be made and done to perfect her appeal in this matter, and hereby submit themselves to the jurisdiction of this court as fully and completely as though all necessary things for perfecting an appeal had been done, and waives any notice of any further proceedings in this case until it is finally decided."

Defendant in her brief states that she is the only party appellant, and that the filing of the waiver was to avoid any question in that connection, that is to say, as we construe the instrument, that her codefendants were thereby made defendants in error in this court.

The manner in which the appeal was lodged in this court is by plaintiff made the basis of a motion to dismiss the appeal, which requires our attention preliminary to

our notice of the grounds on which the appeal is predicated. The motion to dismiss is based on the ground that the judgment appealed from being a joint judgment and all the defendants to be equally affected in the event of any adverse appellate action, appellant's codefendants are necessary parties on appeal, and no service of the case-made having been made on them as by law required, their waiver was ineffective to so fix their status as defendants in error in the appellate court, for which reasons defendant contends that the appeal was a nullity and conferred no jurisdiction on this court to review the judgment of the trial court. In support of the motion, plaintiff cites Spaulding Mfg. Co. v. Dill, 25 Okla. 395, 106 Pac. 817; American Nat. Bank of McAlester v. Mergenthaler Linotype Co., 31 Okla. 533, 122 Pac. 507; Barrows v. Cassidy, 113 Okla. 114, 239 Pac. 581, and other cases by this court which clearly sustain the point thus made by plaintiff, if the other defendants are in fact necessary parties.

Gillette & Libby v. Murphy, Carroll & Brough, 7 Okla. 91, 54 Pac. 413, was a case wherein each of the adversary parties were asserting equitable ownership of a money judgment recovered by another against the county, both of whom were made parties to the action. The one party asserted ownership by virtue of an assignment of the judgment creditor, and the other on the ground of certain claims of indebtedness owing to it by the judgment creditor which were included in the judgment. In the cause the county defaulted. In the appellate court the successful party below moved a dismissal of the appeal on the ground of a defect of parties, in that the county by its board of commissioners, who it was urged was a necessary party on appeal, was not made a party defendant in error. In denial of the motion to dismiss, the court held as follows:

"In a controversy over a certain judgment between two or more parties, as to who is the equitable owner thereof, where the judgment debtor fails to plead when made a party defendant, and has been duly summoned, and fails to appear at the trial either in person or by attorney, and the losing parties in such action appeal from the judgment of the trial court, such judgment debtor is not a necessary party to an appeal to the Supreme Court, and cannot be in any way affected by a reversal or modification of the judgment appealed from; its liability having been fixed when the first judgment, which was the subject of the action between the parties to the suit, was rendered."

In the body of the opinion, it was said:

"The board of county commissioners owes the judgment, and is only interested in seeing that it is not compelled to pay the judgment twice; and this, we think, it cannot be required to do under the circumstances in this case. It can go into court at any time, and pay the judgment standing against it, and take the clerk's receipt for the same, which would forever settle its liability. Neither of the parties to this action could thereafter cause such board any trouble. The board is simply a trustee, holding the fund for the party or parties whom the court may determine to be entitled to it. The court could at any time require it to pay the money or warrants therefor into court. It is immaterial to the board who it owes. Its liability is in the form of a judgment, and collection could be enforced at any time. A party is not a necessary party when he has no interests that can be affected in the suit, or does not stand as the representative of some other party who has some interest in the matter in controversy."

The rule of test there applied has found application many times in this court. Jones v. Balsley & Rogers, 25 Okla. 344, 106 Pac. 830, 138 A. S. R. 921; Smith v. Curreathers Mercantile Co., 76 Okla. 170, 184 Pac. 102.

From the record in the cause at bar, it is to be observed that the defendant fraternal orders admitted their liability, and were willing to pay the insurance into court, or to the party by the court adjudged to be the beneficiary. As in Gillette & Libby v. Murphy, Carroll & Brough, supra, even if it be conceded that the judgment against them had become final as contended by plaintiff, they may pay the amount of the judgment to the clerk of the court and take his receipt therefor, and thus be relieved therein and take no further heed of any litigation thereover. Hence, their status could in no wise be affected by a reversal of the judgment here involved. The foregoing rule is therefore here controlling, and thereunder we hold that in an action on an insurance policy to determine the rightful beneficiary to the proceeds thereof, where the insurer admits his liability and is willing to pay the insurance into court or to the party adjudged to be the beneficiary thereof, as in this case, the insurer is not a necessary party on appeal from a judgment whereunder the question to be adjudicated on appeal arises upon the sufficiency of the evidence to sustain the judgment of the trial court in adjudging the one claimant to be the beneficiary as against the other claimant. The motion to dismiss the appeal is therefore denied.

Complaint of the judgment is predicated on the ground of the insufficiency of the evidence to sustain the judgment, and that it is contrary to law. As there is ample evidence in the record to support the judgment that the plaintiff sustained the marital relationship with the insured at the time of his death, one of the vital points in issue, the question is narrowed down to the sufficiency of the application of the insured to effect a change of the beneficiary from that of the defendant Roxie Richie, whose name appeared in the policy as such beneficiary, to that of the plaintiff, Mary Richie, the other vital and decisive point.

Under the by-laws promulgated by the Grand Lodge for its government, and that of the subordinate lodge, which by reference were made a part of the policy of insurance, the insured had the right to redesignate his beneficiary upon compliance with the provision of the by-laws relating thereto. This provided that the insured, in such event, upon payment of a fee of $1, shall file with the proper Grand Lodge officer through the local lodge, his application in the form prescribed, with the policy attached, giving the name of the new beneficiary and the reasons for the change, signed and sworn to by the insured before a notary public, and signed and attested by certain local lodge officers. Thirty days' notice of such application was required to be given the proper Grand Lodge officer, and upon receipt by him, it was his duty to examine the same, and if the proposed beneficiary be one of the permitted class, a new policy would be issued in the name of the desired beneficiary.

In the cause at bar, the application was signed by the insured's wife, Mary Richie, designated as policy holder. It was not verified, and did not state the reasons for the change, but otherwise met the by-law requirements. It bore date of November 9, 1922, this being two days prior to the insured's death. It was received and filed in the Grand Lodge on November 18, 1922, by the Grand Chancellor, the chief officer of the order. The record shows that the insured, sometime prior to the filing of this application, the time not being fixed, while attending a meeting of the Grand Lodge, sought to have this change effected, but due to the press of the business in hand, this was not then done. At that time he was advised by the proper officer to send his application to the head office upon his return to his home. He had in open meeting of his local lodge on two occasions expressed to the members present his purpose to make this change, and had also made the same statement to others. When the applica-

tion was prepared, the insured was in extremis, and reiterated to one of the attesting local lodge officers his desire to effect a change of his beneficiary, and, apparently, at his direction, the local officer prepared the application, and directed its execution in the manner indicated. Upon execution, the application, together with the policy and the required fee, were taken charge of by the local lodge officer whose duty was to indicate approval by his signature. The chief officer of the order, who was a witness for the defendant Roxie Richie, testified that he had received and filed the application with the Grand Lodge, that the same, as we understand his evidence, was refused for want of proper form, and together with the policy and the $1 fee was returned by his secretary. The return of the application with the exhibits thereto attached was a disputed fact in the case. The plaintiff testified that she had not seen the policy since delivery thereof to the local lodge officer until the day of the trial when it was introduced in evidence by the defendant Roxie Richie, and that the fee paid at the time was not returned to her. The defendant Roxie Richie testified, and was supported by the Grand Chancellor, that following the death of the insured several letters were exchanged by her with the Grand Chancellor concerning the policy. The Grand Chancellor also further, by his testimony, admitted that the order was liable, and was willing to pay the policy either into court or to the adjudged beneficiary. Upon the disputed fact of the return of the papers, the judgment of the court rendered for plaintiff must be regarded as a finding equivalent to a retention of the application and the policy and fee by the Grand Lodge.

Under the record, therefore, it may be said that since the defendant Grand Lodge by its chief officer retained the papers and fee for a change of beneficiary, and admitted its liability and was willing to pay the policy either into court or to the adjudged beneficiary, the by-law provision as to the requisites of the application had been waived. Where the insured, under the contract of insurance, has the right to re-designate his beneficiary, the mode of procedure prescribed by the by-laws of the insurer is intended only for the protection of the insurer, and may by him be waived. And, in an action upon the policy involving an attempted change of beneficiary by the insured then in extremis, for which the application was irregularly executed in certain details, where the insurer retains the papers and fee for such change, and admits his liability on the policy, and is willing

to pay the insurance either into court, or to the party judicially determined to be the beneficiary, such retention of the papers and fee and admission of liability constitute a waiver. In such case, the irregularities cannot be taken advantage of by the original beneficiary though the redesignation be incomplete at the death of the insured, it appearing that the attempted change was made in good faith, as equity will treat that as done which ought to have been done, and will sustain and complete the change of the beneficiary in conformity with the application. John Hancock Mutual Life Ins. Co. v. White, 20 R. I. 457, 40 Atl. 5; Hall v. Allen, 75 Miss. 175, 22 South. 4, 65 A. S. R. 601; Titsworth v. Titsworth, 40 Kan. 571, 20 Pac. 213; Henderson v. Modern Woodmen, 163 Mo. App. 186, 146 S. W. 102; Jones v. Holmes (Tex. Civ. App.) 195 S. W. 306; Thomas v. Locomotive Engineers' Mutual Life & Accident Ins. Ass'n. 191 Iowa, 1152, 183 N. W. 628, 15 A. L. R. 1240.

In the circumstances of the cause, therefore, under the governing principles thereof, this latter ground of appeal is not available to the defendant Roxie Richie.

For the foregoing reasons, therefore, the judgment of the trial court is affirmed.

BENNETT, LEACH, FOSTER, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 33 C. J. p. 469, §64. (2) 21 C. J. p. 202, §195; 29 Cyc. p. 136; anno. 34 L. R. A. (N. S.) 277; L. R. A. 1915A, 581; 14 R. C. L. p. 1392; 3 R. C. L. Supp. p. 394; 4 R. C. L. Supp. p. 970; 5 R. C. L. Supp. p. 818; 6 R. C. L. Supp. p. 891.